THE THIRD NATIONAL BANK OF DETROIT v. CORNELIUS. J. REILLY, CIRCUIT JUDGE OF WAYNE COUNTY.

[See 77 Mich. 474.]

*Equity pleading—Amendment of bill—Mandamus.*

*Mandamus* will not lie to compel a circuit judge to strike from the files an amendment to a chancery bill, within his discretion to allow, for insufficiencies which can be remedied by another or other amendments to the bill.

*Mandamus.* Submitted May 13, 1890. Denied June 13, 1890.

Relator applied for *mandamus* to strike from the files an amendment to a chancery bill allowed by respondent. The facts are stated in the opinion.

*DeForest Paine,* for relator.

*Edwin F. Conely,* for respondent.

MORSE, J.  This is an application for *mandamus* growing out of the case of *Haug v. Third Nat'l Bank*, which is reported in 77 Mich. 474.

After the filing of the opinion in this Court, and on January 31, 1890, Hon. C. J. Reilly, one of the circuit judges of Wayne county, made an order permitting the complainant, Edmund Haug, assignee of George Morley, to amend his bill of complaint by making the said George Morley a party defendant, and by adding the following to the prayer of the bill:

"And that the said George Morley be required to perfect by appropriate conveyance the title of the complainant, as his assignee for the benefit of the creditors, to the aforesaid vessels."

We are asked to set aside this order by the writ of *mandamus*, and to direct the respondent to strike from the files of the case the amendments filed pursuant to and under the permission of such order.  It is urged in support of this motion that there are no averments permitted, and none in the amendment filed, showing Morley a proper party, or on which the relief prayed against him can be granted, and that the original bill is not framed on lines to give such relief.  This amendment was within the discretion of the court.  The fact that it is not sufficiently full and complete to make Morley a proper party, or to be of any avail to the complainant, is no reason why we should strike such amendment from the files, as such insufficiency can be remedied by another or other amendments to the bill.

It is also urged that the opinion of this Court denied the jurisdiction of the lower court over these vessels, and that under such opinion a writ of prohibition would issue out of this Court to restrain the exercise of such jurisdiction.  All that we intended to hold was that, under the showing of the bill and answer as presented to us in the

case of *Haug v. Bank, supra,* the complainant had no right to these vessels as against the bank, because the assignment for the benefit of creditors had not been recorded as a conveyance in the office of the Collector of Customs of Detroit, as provided by Rev. Stat. U. S. § 4192. The amendment was probably intended to remedy this defect in complainant's claim or title to the vessels. Whether such amendment is sufficient to accomplish the object intended is not to be determined by us in this proceeding.

The writ is denied, with costs.

The other Justices concurred.