WELLS v. MONTCALM CIRCUIT JUDGE.

1. MANDAMUS—GROUNDS—ABSENCE OF OTHER REMEDY.
    The writ of mandamus will not be allowed to take the place
    of an appeal or writ of prohibition, or any other writ to re-
    view the action of the lower court.

2. SAME—REMEDY BY APPEAL.
    Mandamus to a circuit judge will not be granted to determine
    which of two circuits has jurisdiction of a suit for divorce
    where relator has pleaded the pendency of the other suit in
    abatement of the one pending before respondent.

Mandamus by Maude M. Wells to compel Frank D. M. Davis, circuit judge of Montcalm county, to set aside an order denying a motion to dissolve an injunction and dismiss a bill of complaint. Submitted March 7, 1905. (Calendar No. 20,954.) Writ denied March 28, 1905.

*E. O. Grosvenor* and *Willis Baldwin* (*Griswold & Tennant*, of counsel), for relator.

*E. J. Bowman* and *C. L. & C. B. Rarden*, for respondent.

PER CURIAM. Relator, on January 9, 1905, filed her bill for divorce in the circuit court for Wayne county against Percy D. Wells, and a subpoena and injunction issued immediately. Said subpoena was at once placed in the hands of the sheriff of Wayne county for immediate service. Defendant could not be found in Wayne county, and, upon showing made, the court authorized alias subpoenas to be issued, one of which was sent to Montcalm county, and the other to Kent county. The sheriff of Montcalm county found defendant, and duly served said subpoena, January 14, 1905. After filing the bill of complaint and issuing subpoena and injunction, complainant went to Greenville after the child, who was with defend-

ant Wells' parents, taking with her the injunction to show her authority to have custody and control of said child.

On January 10, 1905, defendant, Percy D. Wells, filed his bill of complaint for divorce against this relator, as defendant, in the circuit court for Montcalm county, a subpœna and injunction issued, and were served at once on Maude M. Wells at Greenville on said last-mentioned date. After such service the parents of Wells refused to give her the child.

On January 12, 1905, relator moved said circuit court for Montcalm county to dissolve the injunction and dismiss the bill of complaint, for the reason that before and at the time of the commencement of said suit there was a suit for divorce pending in the circuit court for Wayne county between the same parties praying for the custody of this child, and said Wayne county circuit court was possessed of jurisdiction over the subject-matter and the parties before the bill was filed in Montcalm county. This motion was denied, with costs against relator.

Relator filed this petition, and, afterwards appearing specially in the Montcalm circuit court, pleaded in abatement to said bill of complaint the same facts set up in her motion to quash, and as set up in her petition in this matter. Issue was joined upon said plea, and is now pending in said Montcalm circuit court.

· The question sought to be raised here is whether the Wayne circuit court or the Montcalm circuit court has jurisdiction to hear and determine the subject-matter of the controversy between relator and her husband, Percy D. Wells. It is first necessary to determine whether the remedy sought is the proper one. Where there is any other adequate remedy, a writ of mandamus will not be granted. Relator has made an issue, now pending in the case in Montcalm circuit, by plea in abatement, since her petition filed in this matter. That forum is of competent jurisdiction to determine that issue.

The writ of mandamus will not be allowed to take the place of an appeal or a writ of prohibition, or any other

writ to review the action of a lower court. The only argument in favor of this writ that can be made is because of the peculiar situation, where two courts of co-ordinate jurisdiction are assuming control of the same parties and subject-matter, and an unseemly squabble might arise in attempts to enforce conflicting orders. It would seem, however, that by making proper application during these proceedings, especially reserving all rights, the court would make only such orders as would conserve relator's interests, and she could come here on appeal from that court and have the question sought to be raised in this proceeding regularly determined.

For the reasons stated, the writ of mandamus is denied.