## McMEEKIN *v.* SAGINAW PROBATE JUDGE.

1. EXECUTORS AND ADMINISTRATORS — APPOINTMENT OF ADMINIS-
TRATOR—APPLICATION BY CREDITOR—DICTATION BY APPLICANT.
Section 9324, 3 Comp. Laws, subd. 2, providing that, after 30
days without application by those primarily entitled, admin-
istration may be granted to one or more of the principal cred-
itors of a deceased person, if any such are competent and
willing to take it, does not give to the creditor filing the peti-
tion the right to dictate the appointment, since, if the per-
sons primarily entitled to apply are deprived by their delay
of their right to be heard, it is the duty of the probate judge
to listen to the other creditors and give due consideration to
their rights.

2. MANDAMUS—AMENDED PETITION—QUESTIONS CONSIDERED.
Questions presented by an amended petition for mandamus,
which respondent has never answered, nor been called upon
to answer, will not be considered.

3. SAME—FURTHER RETURN.
In mandamus to a probate judge, a suggestion in petitioner's
brief that the court make a determination of the case upon
the record before it, and if adverse to petitioner that it order
a further return to an amended petition on file, cannot be
complied with for the reason that the court will not decide
piecemeal a mandamus case, in which the proceedings
should be expeditious, especially so where it does not appear,
even by the amended petition, that the point raised was
made before respondent.

4. SAME—QUESTIONS CONSIDERED—QUESTIONS OF FACT.
Whether the person appointed administrator was a proper
person to be appointed will not be considered on mandamus
to the probate judge where there was evidence from which
the judge had a right to reach the conclusion he did reach.

5. COURTS—DECISIONS—STARE DECISIS.
The denial on its merits of an application for a mandamus
relieves the court of the duty of deciding whether the appli-
cation should not have been denied for other reasons, and
cannot be taken as an authority that mandamus is a proper
remedy in similar cases.

Mandamus by James W. McMeekin to compel Riley L. Crane, probate judge of Saginaw county, to appoint certain administrators. Submitted October 22, 1907. (Calendar No. 22,512.)   Writ denied December 10, 1907.

*John A. McKay*, for relator.

*Vincent & Nash*, for respondent.

Per Curiam.   Relator is a creditor of the estate of John L. Irving, deceased.   Said Irving was a resident in the county of Saginaw, and died intestate May 19, 1907.   Within 30 days thereafter no petition for administration was filed in the probate court, and therefore relator and another creditor filed such petition on the 19th day of June, 1907, praying that administration be granted to one of said petitioners, or to some other suitable person.   This petition was heard by respondent August 21, 1907.   Other creditors and the next of kin of said deceased asked that Louis G. Nerreter be appointed as administrator.   Thereupon respondent issued joint letters of administration to said Nerreter and to one Robert T. Holland, a nominee of relator and his co-petitioner.   Holland declined the appointment, and subsequently respondent appointed in his stead one Asa W. Field, another nominee of relator and his co-petitioner, as co-administrator with said Nerreter.   Relator then commenced this suit, praying for a writ of mandamus and a writ of prohibition.   The propriety of issuing a writ of prohibition is not before us.   We disposed of that on the preliminary application.   We decided then that petitioner's showing did not warrant the issuance of such a writ, and issued merely an order to show cause upon the application for the mandamus.

The principal question raised by the application for a mandamus arises from relator's contention that respondent could appoint as administrator only the nominee of himself and his co-petitioner.   The law by which this ques-

tion is to be determined is contained in subdivision 2, section 9324, 3 Comp. Laws:

"If the widow, husband, next of kin * * * shall neglect for thirty days after the death of the intestate to apply for administration, or to request that administration be granted to some other person, the same may be granted to one or more of the principal creditors, if any such are competent and willing to take it."

This specifies that administration shall be granted in the contingency above set forth "to one or more of the principal creditors," but it does not give to the creditor filing the petition the right to dictate the appointment.

This case must proceed upon the assumption that it was proper to appoint as administrator some one other than a principal creditor of deceased, for there is nothing in the record to indicate, and it is not claimed, that either of the nominees of relator and his co-petitioner were principal creditors. In such a case the subdivision above quoted affords no warrant for the claim that the nominees of the creditors petitioning for said administration shall be preferred to the nominees of other creditors. If it is true, as relator contends, that because 30 days had elapsed since the death of her intestate (this contention is based on subdivisions 1 and 2, section 9324) the next of kin had no right to be heard, it is not true that the other creditors of the deceased could not be heard. It was the duty of respondent to listen to those other creditors and to give due consideration to their rights in appointing an administrator of the estate.

It is now sought to be shown by a document in the files called "an amended petition" that those creditors who petitioned for the appointment of Nerreter were merely creditors of a partnership of which the intestate was a member. If this circumstance would deprive them of a right to be heard when the administrator was appointed— a question which we do not decide—it should have been brought to our attention in some other way, for the so-called amended petition is not legitimately before us.

Respondent has never answered, and has never been called upon to answer it. It is true that in his brief relator asks "that if necessary a further return be ordered to this amended petition." By this we understand that he requests us to make a determination of the matter upon the record as it is before us, and if that determination be an adverse one, then that we order a further return. There are two sufficient reasons for refusing this request. *First.* We will not decide a case piecemeal; especially a mandamus case, where the proceeding should be expeditious. *Second.* It does not appear even by the amended petition that the point under consideration was made before respondent. If it was not so made, he had a right to assume, as he manifestly did assume, that as creditors they stood on an equality with relator, and to act upon that assumption.

It is also contended that Nerreter was not a proper person to be appointed. We answer that, from the evidence presented, respondent had a right to reach and did reach a contrary conclusion. That conclusion we will not review.

The application for a mandamus is therefore denied.

This decision is not to be regarded as an authority holding that mandamus is the appropriate remedy to review the complaint of relator. By deciding as we have that there was no merit in his complaint, we are not called upon to decide whether his application should not have been denied for other reasons.