TARSNEY *v.* WAYNE CIRCUIT JUDGE.

1. EQUITY — CHANCERY PRACTICE — WITNESSES — EXAMINATION IN OPEN COURT—NOTICE—WAIVER.

The notice to take proofs in open court required by section 10188, 3 Comp. Laws, may be waived.

2. SAME—STIPULATION—EFFECT AS WAIVER.

A certain letter and stipulation, followed by notice of hearing on pleadings and proofs and an order setting the case for hearing on a day certain, examined, and *held*, in the light of the surrounding circumstances, equivalent to a consent that the cause be heard on pleadings and proofs to be taken in open court, and that subsequent proceedings in open court amounted to a waiver of the notice of intention to take proofs in open court required by section 10188, 3 Comp. Laws.

3. MANDAMUS—PROPRIETY—REVIEWABLE ORDER.

Mandamus is not the proper remedy to secure a review of an order allowing the complainant in a chancery case to take proofs in open court though no notice of intention was given as required by the statute, there being an adequate remedy by appeal.

4. SAME—GROUNDS—EXPENSE.

That unnecessary expense will be incurred if the chancery court is permitted to hear relator's case on evidence taken in open court is not a sufficient reason why this court should interfere by mandamus to prevent it, though the order to so hear the case was irregular, the remedy by appeal being adequate.

Mandamus by Timothy E. Tarsney to compel Harry A. Lockwood, acting circuit judge of Wayne county, to vacate an order setting a cause for trial. Submitted May 5, 1908. (Calendar No. 22,824.) Writ denied May 14, 1908.

*Timothy E. Tarsney,* in pro. per.

*Hunt & Altland,* for respondent.

HOOKER, J. The statute provides that one who would avail himself of the right to an examination of witnesses in open court, in a chancery case, must serve upon his adversary's counsel a notice of such intention, within 10 days after the cause is at issue, and that failing to do this, the cause shall stand referred to a commissioner to take proofs, etc. 3 Comp. Laws, § 10188.

Such a notice was not served in this cause, but the parties stipulated that the hearing of a then pending demurrer should be adjourned to August 19, 1907, and that in the event of the demurrer being overruled, and the order overruling the same not being appealed from, the defendant should answer within such time as the court should prescribe, and when at issue, the cause might be placed upon the docket of the then present term for hearing. This stipulation was dated August 14, 1907, and followed a letter of July 22, 1907, written by counsel for complainant to defendant Tarsney, which reads as follows:

"July 22d, 1907.

"TIMOTHY E. TARSNEY, Esq.,
        "404-405 Whitney Building,
                "Detroit, Michigan.

"Dear Sir: Marcel E. Hude et al. vs. Timothy E. Tarsney et al.

"We appeared in court this morning and adjourned the hearing on the demurrer filed by you in the above suit. As you were not present we had the hearing adjourned one week. You will remember that we consented to an adjournment of this hearing to August 1st, upon the understanding that the suit should go to hearing on its merits at the September, 1907, term of court. This request was made by you upon the ground that you desired Mr. Elliott G. Stevenson to represent you in this suit. As you are aware Mr. Stevenson is abroad and we consider the condition of the matters involved in this suit such that we are not warranted in granting any greater extension of time than is necessary before going to hearing upon the merits. We, therefore, desire to say that unless you enter into a satisfactory stipulation with us before next Mon-

day, the time to which the hearing has been adjourned, we shall insist upon the same being taken up at that time.

"Very truly yours,

"Altland & L'Esperance."

These papers indicate that the parties must have mutually understood and expected that said cause would be heard upon proofs taken in open court, a conclusion which accords with subsequent proceedings.

The cause was noticed by complainant for hearing upon pleadings and proofs, at the January term, 1908, and at the call of the calendar was set for February 5th. It was afterwards adjourned to February 21st, and upon the latter day, counsel were before the court, complainant's counsel urging a speedy hearing, defendant Tarsney asking further time, stating that a judge who would hear the cause could not be obtained before April 1st, and that his own intended absence in California would make it inconvenient for him to try the cause before March 20th, after which time he would be ready. The judge said:

"The application made by the defendants is that the cause be fixed for some time after March 20th. It will now be set peremptorily for hearing  *   *   *  on March 23d."

At that time Judge Lockwood, of the Monroe circuit, was present to try the cause, when counsel for the defendant insisted that the cause was not in a condition to permit the taking of proofs in open court, and seem to have contended that the cause must be heard upon the pleadings, and possibly the testimony of one witness, which had previously been taken de bene esse. After hearing counsel the learned circuit judge said that he was convinced that it was the expectation of counsel for both parties that proofs should be taken in open court, and that although no formal notice had been given, the court ought to permit it on reasonable terms, and a formal notice was then served and the cause was set for April 21st, to be heard upon proofs to be taken in open court.

A motion to vacate this order was subsequently denied, and mandamus is asked to compel it.

The stipulation, when read in the light of the circumstances, was equivalent to a consent that the cause be heard on pleadings and proofs to be taken in open court. There was a clear waiver of formal notice in what occurred later. While the practice was irregular, for want of the formal notice, such irregularity might be waived. No one would question the validity of a stipulation unequivocally waiving such notice or that going to hearing without objection would have the same effect as such a stipulation. The conduct of counsel and the parties in open court in this cause was a recognition of the right to such hearing, when we consider the record in the cause.

The order to show cause should not have been made for the question is one which might have been reviewed on appeal, but having been made we have disposed of the merits of the application. We have often said that mandamus will not lie where there is another adequate remedy. The following cases where the authorities are collected show the attitude of the court upon this question: *Sharp* v. *Montcalm Circuit Judge*, 144 Mich. 328; *Cosgrove* v. *Wayne Circuit Judge*, 144 Mich. 682. In *City of Flint* v. *Genesee Circuit Judge*, 146 Mich. 439, and *Geddis* v. *Wayne Circuit Judge*, 151 Mich. 122, a long list of cases are cited in support of this rule.

The only plausible excuse that can be given for asking us to overrule or disregard this rule, is that unnecessary expense will be incurred if the court should hear the case on evidence taken in open court, and therefore we should prevent it. This is no more true than it would be in a case where a court erroneously refuses a continuance, or erroneously decides to admit testimony early in the case. There is always expense and loss where a case is reversed.

The trial court is the great forum of justice in the land. When it refuses to proceed we may be appealed to to compel action, but not to direct its determination, which can only be corrected on appeal. It would be unseemly if the

action of judges is at all stages of proceedings to be interfered with, and whenever counsel may think or claim that an error or irregularity has been committed or is imminent. The aggregate cost and loss arising from such a practice would far exceed that of the existing rule, to say nothing of the necessary inconvenience, delay, and injustice which would inevitably follow, if this court is to be constantly appealed to, through interlocutory applications, to steer the trial judges of the State.

The writ is denied, with costs.

MONTGOMERY, OSTRANDER, MOORE, and MCALVAY, JJ., concurred.