KELLOGG v. WAYNE CIRCUIT JUDGE.

DIVORCE—EQUITY—PLEADING — MANDAMUS—APPEAL AND ERROR.
While it was erroneous, in a suit for divorce, to strike out of the answer of the complainant's husband averments charging her with adultery before marriage and fraud in procuring defendant to marry her, on a motion to expunge the charges as scandalous, the order of the trial court will not be reviewed on mandamus; appeal is the proper and sufficient remedy.

Mandamus by Frank J. Kellogg to compel Joseph W. Donovan, one of the circuit judges for the county of Wayne, to vacate an order expunging from relator's pleadings in a suit in chancery certain averments as scandalous and impertinent. Submitted June 2, 1911. (Calendar No. 24,588.)   Writ denied October 2, 1911.

*Charles L. Bartlett* (*Dwight C. Rexford*, of counsel), for relator.

*Frazer, Griswold & Slyfield,* for respondent.

BROOKE, J.    Relator is defendant in a divorce proceeding.    In his answer (by way of cross-bill), he charged his wife with having committed numerous acts of adultery prior to the date of her marriage to relator, and with having procured said marriage through gross fraud.    On motion of the wife (complainant in the divorce cause), respondent ordered that that portion of the answer containing the charges aforesaid be expunged as scandalous and impertinent.    Relator prays for a mandamus compelling respondent to vacate said expunging order.    It is urged by relator that, inasmuch as complainant prays for alimony, both temporary and permanent, as well as for a divorce, the alleged scandalous matter expunged is both pertinent and material to enable the trial court to intelligently act upon the application for alimony in case a divorce is granted.

We agree with this contention.    We have reached the conclusion, however, that the action of the trial court upon this interlocutory question of pleading should not be reviewed by mandamus.    Relator's rights will be fully protected upon appeal.

Upon the question of remedy, see *Hunt* v. *Jackson Circuit Judge*, 41 Mich. 5 (2 N. W. 181); *Third Nat. Bank* v. *Wayne Circuit Judge*, 81 Mich. 438 (45 N. W. 830); *Poupard* v. *Judge of Recorder's Court*, 129 Mich. 662 (89 N. W. 577); *Hosford* v. *Gratiot Circuit Judge*, 129 Mich. 302 (88 N. W. 627); *Grand Rapids, etc., R. Co.* v. *Charlevoix Circuit Judge*, 133 Mich. 122 (94 N. W. 1134); *Steel* v. *Clinton Circuit Judge*, 133 Mich. 695 (95 N. W. 993); *Wells* v. *Montcalm Circuit Judge*, 139 Mich. 544 (102 N. W. 1001); *McMeekin* v. *Saginaw Probate Judge*, 150 Mich. 354 (114 N. W. 241); *Tarsney* v. *Wayne Circuit Judge*, 152 Mich. 641 (116 N. W. 465).

Writ denied.

OSTRANDER, C. J., and BIRD, BLAIR, and STONE, JJ., concurred.