### LOVELL–McCONNELL MFG. CO. v. BINDRIM et al.

(Circuit Court of Appeals, Second Circuit. December 24, 1914.)

1. MANDAMUS ⬉39—SUBJECTS OF RELIEF—EXERCISE OF JUDICIAL POWERS.
    In striking impertinent matter from a pleading as authorized by new equity rule 21 (198 Fed. xxiv, 115 C. C. A. xxiv), a District Court exercises its judicial functions on a question of law, and its action cannot be reviewed on application for a writ of mandamus to compel reinstatement of such matter, but only on appeal from the final decree.
    [Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 84; Dec. Dig. ⬉39.]

2. CERTIORARI ⬉5 — NATURE AND GROUNDS — AVAILABILITY OF RELIEF BY APPEAL.
    Conceding the power of a Circuit Court of Appeals under Judicial Code, § 262 (Act March 3, 1911, c. 231, 36 Stat. 1162 [Comp. St. 1913, § 1239]),

⬉For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to issue a writ of certiorari to correct an error of law, such writ will not be issued in an appealable case.

[Ed. Note.—For other cases, see Certiorari, Cent. Dig. §§ 5, 6; Dec. Dig. ⬤⟹5.]

Petition for Mandamus to the District Court of the United States for the Eastern District of New York.

C. A. L. Massie and Ralph L. Scott, both of New York City, for petitioner.

Irving M. Obrieght and George C. Dean, both of New York City, for respondent.

Before COXE, WARD, and ROGERS, Circuit Judges.

PER CURIAM. In a suit for infringement of letters patent No. 1,094,403, the defendant pleaded in section 7 of its answer as a defense and in section 8 as a counterclaim $300,000 damages for unfair conduct of the complainant in respect to other patents; threatening of defendant's customers and a conspiracy in violation of the Sherman Law. This it claimed the right to do under new rule in equity 30 (201 Fed. v, 118 C. C. A. v), but Judge Veeder in the District Court, upon complainant's motion, struck these sections out of the answer. The defendant now petitions for a writ of mandamus directing the judges of the District Court to reinstate said sections, or in the alternative for a writ of certiorari to enable this court to determine whether the defendant has a right to plead the matters stricken out.

[1, 2] Old equity rule 26 allowed exceptions to be filed to pleadings for impertinence. New rule 21 (198 Fed. xxiv, 115 C. C. A. xxiv) abolishes exceptions, but authorizes the court, either upon motion or of its own initiative, to strike out impertinent matter. This was what the District Judge did. It is very important that allegations proposing impertinent issues should be stricken out. If they are not, proofs must be admitted under them and a mass of immaterial testimony taken. The court, in striking out these parts of the defendant's answer, was exercising its judicial functions upon a question of law. The cases cited show that new equity rule 30 has been differently construed by different judges. We are not authorized to construe it upon mandamus, and if Judge Veeder made a mistake of law it is to be corrected by appeal from the final decree. If we have a right to issue a writ of certiorari to correct error under section 262 of the Judicial Code, we certainly will not issue it in an appealable case.

The petition is denied.