STATE OF MISSOURI ex rel. JOSEPH N. WELLS and ERNESTINE WELLS, his wife, Relators, v. WALDO C. MAYFIELD, Judge of the Circuit Court of the City of St. Louis, Missouri, Respondent, No. 44690 —281 S. W. (2d) 9.

Court en Banc, July 11, 1955.

*J. Raymond Dyer* for relators.

*R. C. Brinkman, J. C. Jaeckel* and *Moser, Marsalek, Carpenter, Cleary & Carter* for respondent.

242

[10] EAGER, J.—This is a proceeding in mandamus instituted in this court. The alternative writ was issued and the cause has been argued. Relators ask this court to require respondent Judge to vacate his order of October 8, 1954, in the case of Joseph N. Wells et ux., v. Henry W. Kuhs Realty Co., a corporation, as violative of the mandate issued by this court in that case on July 12, 1954. That man-

date was issued pursuant to the opinion reported at 269 S.W. 2d 761, in which this court held that the amended petition stated a cause of action and reversed a judgment of dismissal. By the present order respondent struck from that amended petition various portions, including all parts referring to an ordinance of the City of St. Louis. The contents of the parts so stricken will be referred to in more detail hereinafter.

■ Respondent raises at this time in his brief, but not in his answer and return to the alternative writ, the contention that this court was without jurisdiction of the appeal in the case of Joseph N. Wells et ux. v. Henry W. Kuhs Realty Co., supra. We have examined the briefs in that case and find that no such question was raised there. Since that is not necessarily conclusive, however, we have examined the record. However, the mere fact that respondent Judge now raises the point as respondent in this mandamus [11] proceeding, in lieu of the defendant in the original case, should lend no aid to the contention.

The contention is based on the following facts: that the circuit court on March 3, 1952, set aside its order of January 12, 1952, overruling defendant's motion to dismiss the amended petition (and orders on the motion to strike), and then entered an order that the motion to dismiss was "resubmitted" and was sustained; that no motion for new trial was filed within ten days thereafter, that the order became and was a final judgment, and that the motion to vacate filed on April 4, 1952, was wholly unavailing. Counsel further argue that the subsequent order of July 30, 1952, sustaining the motion to vacate and reinstating the motion to dismiss, is unavailing and void. Later the motion to dismiss was again sustained on February 17, 1953, and appeal duly taken, resulting in the opinion referred to above.

We are mindful of the case of Coyne v. Southwestern Bell Tel. Co., 360 Mo. 991, 232 S.W. 2d 377, cited by respondent, and of § 510.150, RSMo 1949, V.A.M.S. But it fairly appears from the record (and the necessary inferences from matters stated and not stated) that in and by the order of March 3, 1952, the circuit court (Judge Harry F. Russell) did, on its own motion and without notice or hearing, reverse its previous rulings, set aside those orders, "resubmitted" the matter and sustained the motion to dismiss. Plaintiffs' counsel set up the substance of these matters in his motion to vacate the order, which motion was argued, submitted and later sustained (on July 30, 1952). Subsequently, all parties proceeded to reargue and resubmit the motion to dismiss (and motion to strike) as though the order of March 3, 1952, had been of no effect, and that motion was sustained "with prejudice,"—resulting in the appeal referred to.

This court has held that a dismissal (even though not stated to be without prejudice as suggested in § 510.150, RSMo 1949, V.A.M.S.) does not constitute an adjudication upon the merits or a valid, final

judgment, if made without notice and an opportunity to be heard. (Crispin v. St. Louis Public Service Co., 361 Mo. 866, 237 S.W. 2d 153; Bindley v. Metropolitan Life Ins. Co., 358 Mo. 31, 213 S.W. 2d 387.) The opportunity to be heard may involve either the merits or "whether the dismissal should be without prejudice." And in Hoppe, Inc., v. St. Louis Public Service Co., Banc, 361 Mo. 402, 235 S.W. 2d 347, this court held that an order setting aside a judgment, without notice and an opportunity to be heard, although made within thirty days, was void as violative of due process. (Citing and discussing various cases.)

Under the circumstances we cannot hold that the dismissal order of March 3, 1952, constituted a valid, final judgment. The subsequent action of the court in vacating the order, and of the parties in re-submitting and re-arguing the motion, seems to concede and corroborate the lack of notice and the inherent invalidity of the order. Respondent admits in paragraph 8 of his return in the present case that at least a portion of the order of March 3, 1952, was made without notice. Surely there would not have been notice as to part but not all. While this court must always examine a question of its own jurisdiction, such a contention as this is not looked upon with any unusual favor when raised at such a late date. We note also that respondent Judge does not indicate now that his presently attacked order striking parts of the amended petition was in any way based upon any supposed lack of jurisdiction. The jurisdictional contention is overruled.

The allegations of the amended petition are rather fully set out in the opinion referred to above (269 S.W. 2d 761.) It would unduly prolong this opinion to repeat them here in detail. The amended petition is repetitious and exceedingly long. Some recitation is necessary here, however, in order to properly understand the present ruling. The original suit is one by the parents of an eleven year old boy for damages for his wrongful death. It is alleged: that defendant maintained a "private-dump" on a tract of its vacant land [12] immediately adjoining an alley (and other publicly used "lanes") in a densely populated area in the City of St. Louis; that it did so for the convenience of its tenants in adjoining buildings; that such dump was above the grade of the alley; that tenants of defendant, and perhaps others, dumped trash, including broken and unbroken glass, on said tract immediately adjacent to the alley; that such trash was periodically hauled away by defendant; that to defendant's knowledge the neighbors used said tract for various purposes, and that the neighborhood children played thereon; that the said dump and particularly the broken glass, thus "hard-by" the alley and lanes, was an unreasonable and highly dangerous hazard to those who might be using these public ways, and especially so to children who might inadvertently stray from the passageway; that

the actual line of demarcation between the alley and the dump was obscured by dirt and weeds so that it was, for practical purposes, impossible of detection; that no warnings had ever been given, no fence or barricade erected, and no signs put up. It was further alleged that deceased, while chasing June bugs with other neighborhood children, inadvertently and lawfully strayed approximately three feet on to defendant's tract (and dump), stumbled on broken glass covered by weeds, fell, and received cuts in the abdomen from which he very shortly died. Interwoven with the above (and constituting paragraphs 8, 9, 10, 11, 12, 13 and 21 of the amended petition) appear the following allegations: that under the Constitution of Missouri, St. Louis is a charter city; that by Charter it is empowered to regulate all acts affecting the public health, morals, safety and welfare of its inhabitants; that pursuant thereto it enacted (prior to the occurrence in question and in effect at such time) an ordinance defining, regulating and requiring the licensing of "private dumps," which ordinance is set out in full. Briefly, the ordinance prohibits the acceptance of refuse or waste substances (which specifically included glass) for deposit on any land inside the city unless application is made to the Health Commissioner for a permit, together with a plat, a plan of operation and other data; it provides for an examination of the site by the health commissioner, a report by him, the issuance of a permit if the application be approved by the Board of Public Service, an annual fee, and that the permit shall show the established grade and elevation, "above which dumping shall not be permitted;" there were further provisions for the display of a prominent sign, for revocation proceedings on violation, and for a revocation of the permit if the dump "constitutes a real menace to the health, safety or welfare of the immediate residents of the neighborhood * * *," and also a fine for violations. We find no specific requirement for *covering* refuse so deposited except in case of a "sanitary land-fill," for the deposit of combustible or "putrescible" refuse. By fair intendment the ordinance may be said to contemplate inspections by the Health Commissioner. Plaintiffs further alleged that this ordinance was designed "to prevent personal harm and injury * * * as well as to prevent unsightly deposits," that defendant flagrantly violated said ordinance in procuring no permit, placing no sign, permitting dumping above grade, and in not covering the refuse deposited; also, that the death of plaintiffs' son directly resulted from such violations.

On July 31, 1954, defendant filed its motion to strike from the amended petition all of the above paragraphs concerning the ordinance and its basic authority and also the word "unlawful" (in paragraph 24) referring to defendant's operation of the dump. The grounds of this part of the motion were that this matter did not constitute any part of the pretended cause of action and that the ordi-.

nance did not create, and could not be the basis of, a civil action. This part of the motion will be considered first. The motion was sustained in its entirety by respondent on October 8, 1954.

The.contention of respondent is that the ordinance is a penal ordinance, that it contains no provision for a right of recovery [13] in plaintiffs, and that it may not be made the basis of a civil action. His counsel comment on the fact that this court did not say that relators were "entitled to plead the ordinance * * * and to have a directing instruction based thereon," and that to hold such would be to hold that the Board of Aldermen of the City of St. Louis could create new rights of action not previously recognized under the general law. We disagree with this contention and we think that our former opinion considered the ordinance (and allegations connected with it) as a proper and integral part of the amended petition. The court expressly held: that a violation of a municipal ordinance designed for the protection of the person injured is generally held to be negligence *per se;* that the injured person may institute a common law action for negligence and "set up and prove" a violation of the ordinance "as constituting a negligent act;" that such an ordinance does not modify or extend the common law liability or non-liability of a landowner to trespassers or licensees, but that plaintiffs may sue on a (claimed) common law liability of defendant to their son and base their case "upon conduct made negligent by ordinance," which would be actionable negligence as to one rightfully on defendant's premises, or who came within an exception to the rule of non-liability to trespassers or bare licensees; that this, however, necessitated a consideration of the common-law relationship between defendant and plaintiffs' son, which the court proceeded to consider. The court held, in effect, that the maintenance of a hazardous condition immediately adjacent to a public alley in a thickly populated area, when defendant knew of the use of the alley and of defendant's land by children, and when there was likelihood that someone lawfully using the way (and especially a child) might inadvertently stray into the hazard, was actionable negligence. The court also held: that an action may be maintained under these circumstances at common law; that the ordinance did not create a new right of action, but that its violation may constitute negligence which will support the common law right of action; that the deceased thus did come within an "exception to the general rule of non-liability of landowners to trespassers or bare licensees."

While it is hardly necessary to go beyond the face of that opinion, it seems entirely clear under a multitude of authorities that the violation of a *penal* ordinance is evidence of negligence in a civil action for personal injuries, if the plaintiff was one of the class for whose benefit the ordinance was adopted, and if the ordinance was enacted to protect persons or property, conserve public health, or promote

public safety. Such ordinances are not considered as creating a new liability, but merely as defining the duty already owed at common law to the public or the person injured. In addition to the authorities cited in the opinion in question at 269 S.W. 2d, l.c. 767, see also: 20 R.C.L., p. 38 et seq.; State ex rel. Vogt v. Reynolds, Banc, 295 Mo. 375, 244 S.W. 929; Lenz v. Seibert, Mo. App., 259 S.W. 829; McPherson v. Premier Service Co., Mo. App., 38 S.W. 2d 277; White v. Hasburgh, Mo. App., 124 S.W. 2d 560; Monsour v. Excelsior Tobacco Co., Mo. App., 115 S.W. 2d 219; Kuba v. Nagel, Mo. App., 124 S.W. 2d 597; Robinson v. Ross, Mo. App., 47 S.W. 2d 122, and the very recent case of Arthur Floyd et al. v. St. Louis Public Service Co., No. 44,468, opinion by Division One of this court filed on May 9, 1955, 280 S.W. 2d 74. In the following cases (among others) the ordinance or statute was pleaded, as here: Gillespie v. Terminal R. Ass'n., Mo. App., 204 S.W. 2d 598; Huckleberry v. Missouri Pac. RR Co., 324 Mo. 1025, 26 S.W. 2d 980; Lenz v. Seibert, Mo. App., 259 S.W. 829; Robinson v. Ross, Mo. App., 47 S.W. 2d 122; State ex rel. Vogt v. Reynolds et al., Banc, 295 Mo. 375, 244 S.W. 929; Jelly v. Pieper, 44 Mo. App. 380; Hanson v. Springfield Traction Co., Mo., 226 S.W. 1; Genglebach v. Payne, Mo. App., 236 S.W. 1092; Kuba v. Nagel, Mo. App., 124 S.W. 2d 597. We see no sound objection to the pleading of the ordinance in the present case; it is true that it is usually not *necessary* to plead an ordinance where it is to be used ''merely as evidence'' (Hart v. Skeets, 346 Mo. [14] 1118, 145 S.W. 2d 143), but it seems to us that under the circumstances here it may develop that the ordinance is not merely evidentiary. We note also that these portions of the amended petition were not stricken on the ground that they were evidentiary, but on substantive grounds. It is the contention of plaintiffs (to be determined on the merits at the trial, of course) that the alleged violation of the ordinance here was such conduct as to constitute the making of hazardous ''changes'' on defendant's land immediately adjacent to a public highway, thus making applicable the common-law rule of liability sometimes referred to as the ''hard-by'' rule. (See: Jelly v. Pieper, 44 Mo. App. 380; Buesching v. St. Louis Gas Light Co., 73 Mo. 219; Kelly v. Benas, 217 Mo. 1, 116 S. W. 557; Dutton v. City of Independence, 227 Mo. App. 275, 50 S. W. 2d 161; Hayes v. Michigan Central RR Co., 111 U.S. 228; Restatement of Torts, § 369.) Under these circumstances we think the allegations concerning the ordinance became and were a constituent part of the claim asserted in the amended petition. We hold that in the opinion shown at 269 S. W. 2d 761, this court so regarded these allegations, and that the mandate was not followed by respondent Judge when he struck those parts of the amended petition concerning the ordinance of the City of St. Louis.

Whether or not the deceased was within the class or classes of persons for whose protection the ordinance was enacted, whether his

injury and death were such occurrences as were within the contemplation of the Board of Aldermen, and the question of causation are all matters to be determined at the trial. We are dealing only with the pleadings here, and the amended petition is sufficient to put these elements in issue.

In view of the foregoing, it is wholly unnecessary to pass upon the contention of relators that a previous ruling of the motion to strike paragraphs 8 and 9 of the amended petition was res adjudicata.

■ We think that an entirely different situation prevails concerning that part of respondent's order striking paragraphs 22 and 23 of the amended petition. Those paragraphs contained allegations of supposed aggravating circumstances, in substance to the effect that neither defendant nor its officers expressed any "commiseration," nor attended the funeral of deceased, nor sent flowers, but that defendant's managing agent took the position that the injury and death "were of no concern to it or to her;" that defendant's wanton neglect and indifference indicated "callousness and * * * indulgence * * * of its arbitrary will * * * amounting to licentiousness * * *." This court did not consider those allegations in any way in its previous opinion. It held, it is true, that the amended petition stated a cause of action, but wholly without reference to any specific elements of damage. The striking of paragraphs 22 and 23 (on the ground that they stated nothing upon which relief could be granted) was not, therefore, contrary to the mandate of this court. That was a matter lying entirely within the province and discretion of the trial court and we shall not interfere. We hold that the doctrine of res adjudicata does not apply to prevent the striking of paragraphs 22 and 23, but space will not permit discussion.

■ Respondent insists that the writ of mandamus may not properly be issued here, because, (1) respondent was acting in a judicial and discretionary capacity, and, (2) there is an adequate remedy by appeal. There are no substantive issues of fact made by the petition for the writ and the return. All questions to be determined are matters of law, and primarily involve the construction of the previous opinion. The previous opinion stated with sufficient clarity that the allegations concerning the St. Louis Private Dump ordinance were basic allegations of negligence and that these allegations, with the others, stated a cause of action. We do not feel that our opinion left to the circuit court such judicial discretion in the premises that he was permitted [15] to strike these allegations. Plaintiffs were given a clear, legal right to assert these allegations (whatever may be the proof later) by virtue of the opinion. We do not feel that respondent acted arbitrarily, but we do hold that, so far as these allegations are concerned, he had no such discretion as to prevent this court from making the alternative writ of mandamus peremptory. (Compare: State ex rel. Lovell v. Tinsley, Mo. App., 236 S. W. 2d 24.)

In the case of State ex rel. Howe v. Hughes, 343 Mo. 827, 123 S.W. 2d 105, (cited by respondent), it was held that the entry of a probate order of distribution, involving determination of heirship, amounts payable, and possible advancements and indebtedness, was a judical act and, in effect, a final, appealable judgment. That situation differs vitally from the present one. Respondent also cites: Lovell-McConnell Mfg. Co. v. Bindrim et al. (2d Cir.), 219 F. 533, and Kellogg v. Donovan, 167 Mich. 95, 132 N. W. 501. In the first case mandamus was sought to set aside an order of the District Court striking allegations of certain impertinent issues from the answer. The court held that such order was made in the performance of a judicial function and that the remedy should be by appeal. But we should note that in that case there had been *no previous consideration* of the pleading by the appellate court (as here), thus leaving the District Court free to exercise its discretion. The last case cited, supra, is substantially identical.

We realize that it has been held that the mere fact that an appeal would be ''slower'' does not in itself make the issuance of the writ of mandamus proper (State ex rel. Howe v. Hughes, 343 Mo. 827, 123 S.W. 2d 105). But it is also true that the remedy by appeal should be equally adequate and effective to prevent the allowance of the writ. See: State ex rel. Downs v. Kimberlin, 364 Mo. 215, 260 S.W. 2d 552; State ex rel. General Motors Acceptance Corp., Banc, 330 Mo. 220, 48 S.W. 2d 857; Perkins v. Burks, 336 Mo. 248, 78 S.W. 2d 845; State ex rel. Yale University v. Sartorius, Banc, 349 Mo. 1039, 163 S.W. 2d 981; State ex rel. Lefholz v. McCracken, 231 Mo. App. 870, 95 S. W. 2d 1239. We are not here employing the writ of mandamus as a substitute for an appeal. The order complained of is an interlocutory order which is not now appealable. In the present situation relators could only accede to that order, try their case (perhaps being met with objections as to the admissibility of the ordinance and all evidence concerning it) and appeal after a final adverse judgment. Under the circumstances, we feel that it would be unjust to require this. For a somewhat similar situation see: State ex rel. Wright v. McElhinney, Mo. App., 72 S.W. 2d 895. Moreover, in the issuance of the present writ this court is not reviewing the matter as on appeal, but is enforcing its own mandate and, in effect, is merely maintaining its own jurisdiction. This it may always do.

The issuance of the writ of mandamus is largely discretionary with the court in each particular case. (State ex rel. Cranfill v. Smith, Banc, 330 Mo. 252, 48 S.W. 2d 891; State ex rel. Lovell v. Tinsley, Mo. App., 236 S.W. 2d 24; Perkins v. Burks, 336 Mo. 248, 78 S.W. 2d 845; State ex rel. Hanlon v. City of Maplewood, 231 Mo. App. 739, 99 S.W. 2d 138). We have determined that the alternative writ should be made peremptory in so far as concerns that part of respondent's order of October 8, 1954, striking paragraphs 8-13,

250

inclusive, and paragraph 21 of the amended petition, and the word "unlawful" from paragraph 24; as to the remainder of the order of October 8, 1954, the alternative writ is quashed. It is so ordered. All concur.