LaVerne B. ECKERT,
Plaintiff/Appellant,

v.

Richard and Cheryl THOLE,
Defendants/Respondents.

No. 62261.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 20, 1993.

Mary Judith Gioia, Anthony M. Gioia, Schnider, Gioia & Ringo, St. Louis, for plaintiff/appellant.

Daniel T. Rabbitt, Jr., Rabbitt, Pitzer & Snodgrass, St. Louis, for defendants/respondents.

CRANE, Judge.

Plaintiff LaVerne Eckert sought damages from defendants Richard and Cheryl Thole for injuries sustained on March 7, 1989 when plaintiff slipped on the public sidewalk abutting defendants' two-family flat in the City of St. Louis. Plaintiff alleged that defendants negligently permitted water to run off onto the sidewalk which caused an artificial accumulation of water and ice. At trial defendants presented evidence that the snow and ice on the sidewalk was the result of below-freezing temperatures following an eleven-inch snow storm which had been preceded by an ice storm. The trial court entered judgment for defendants in accordance with the jury's verdict.

Plaintiff appeals from this judgment. She asserts the trial court erred by striking the paragraph of her amended petition in which she alleged defendants violated a City of St. Louis ordinance requiring a permit for drainage alterations and by sustaining defendants' motion in limine prohibiting the ordinance from being introduced into evidence. We affirm.

In her original petition plaintiff alleged that, upon stepping onto the public sidewalk at a point adjacent to a sidewalk and gate leading from the back yard of defendants' flat, she slipped on an artificial accumulation of ice and fell on the public sidewalk. Plaintiff further alleged that defendants negligently and carelessly a) maintained a downspout which was broken and not connected to any sewer and discharged water onto a concrete patio which flowed onto the public sidewalk where plaintiff fell, b) maintained a pipe under a wooden fence which discharged water onto the public sidewalk where plaintiff fell, and c) permitted water from the downspout and pipe to run off onto the public sidewalk where plaintiff fell.

After defendants filed their joint answer, plaintiff amended her petition by interlineation, adding paragraph 5(f). This paragraph referred to two sections of a St. Louis City ordinance which required a permit to be obtained for certain structural repairs and alleged that defendants negligently altered their drainage without a permit, which caused an artificial accumulation of ice on the sidewalk, which, in turn, caused plaintiff to slip and fall. Specifically paragraph 5(f) alleged:

f) That on or about May, 1988, there was in full force and effect a duly enacted ordinance of the City of St. Louis, Missouri, to-wit, Ordinance No 60664, Sections 104.1 and Section 111.1 which provide as follows:

104.1 REPAIRS: Application or notice to the code official is not required for ordinary repairs to structures, but such repairs shall not include the cutting away of any wall, partition or portion thereof, the removal or cutting of any structural beam or bearing support, or the removal or change of any required means of egress, or rearrangement of parts of a structure affecting the exit requirements; nor shall ordinary repairs include addition to alteration of, replacement or relocation of any standpipe, water supply, sewer, drainage, drain leader, gas, soil, waste, vent or similar piping, electric wiring or mechanical or other work affecting public health or general safety.

Section 111.1 WHEN PERMIT IS REQUIRED: It shall be unlawful to construct, enlarge, alter, make non-or-

dinary repairs to, remove or demolish any building or structure; or change the occupancy of a building or structure from one use group to another requiring greater strength, exit or sanitary provisions; or to change to a prohibited use; or to install or alter any equipment for which provision is made or the installation of which is regulated by this code; or to use explosives for blasting in connection with demolition, excavation, construction or other building operation, without first filing an application with the code official in writing and obtaining the required permit therefor; except that repairs as defined in Section 104, and which do not involve any violation of this code, shall be exempted from this provision.

that defendants on or about May, 1988, negligently and carelessly and in violation of Sections 104.1 and 111.1 of said ordinance, without applying for a permit, altered a standpipe, sewer, drainage, drain leader, soil, waste vent and similar piping, all of which directly and proximately caused or contributed to cause artificial accumulations of water and ice on the public sidewalk on or about March 7, 1989, which directly caused or contributed to cause plaintiff to slip and fall directly resulting in serious and permanent injuries as more fully hereinafter set out.

The defendants moved to strike paragraph 5(f) on three grounds: 1) the ordinance was irrelevant and immaterial, 2) the ordinance could not form the basis of a civil cause of action in negligence, and 3) the ordinance violates both the U.S. Constitution and the constitution of the State of Missouri. The trial court sustained the motion.

In plaintiff's first point on appeal, she contends that the trial court erred by sustaining defendants' motion to strike paragraph 5(f) from her amended petition. She asserts that she was entitled to plead an ordinance defining a duty already owed at common law under *State ex rel. Wells v. Mayfield*, 365 Mo. 238, 281 S.W.2d 9 (banc 1955).

■ The ordinance sought to be pleaded in this case, as in *Mayfield*, is a penal ordinance. A penal ordinance may be pleaded as the applicable standard of care in a negligence action if 1) the injured party is in the class of persons for whose protection the ordinance was enacted and 2) the ordinance was enacted to protect persons or property, conserve public health, or promote public safety. *Mayfield*, 281 S.W.2d at 13. "Such ordinances are not considered as creating a new liability, but merely as defining the duty already owed at common law to the public or the person injured." *Id.*

■ If a penal ordinance meets these criteria, the violation of that ordinance, as in the case of a non-penal ordinance, may constitute actionable negligence if the following elements are met:

1) there was in fact a violation of the ordinance;

2) the injured party was within the class of persons intended to be protected by the ordinance;

3) the injury was of the kind the ordinance was designed to prevent;

4) the violation of the ordinance was the proximate cause of the injury.

*Hartenbach v. Johnson*, 628 S.W.2d 684, 687 (Mo.App.1982); *Sayers v. Haushalter*, 493 S.W.2d 406, 409 (Mo.App.1973). *See also Mayfield*, 281 S.W.2d at 14.

■ Defendants argue that failure to obtain a permit could not be the proximate cause of plaintiff's injury. We agree.

"The practical test of proximate cause is generally considered to be whether the negligence of defendant is that cause or act of which the injury was the natural and probable consequence." *Krause v. U.S. Truck Co., Inc.*, 787 S.W.2d 708, 710 (Mo. banc 1990). The ordinance pleaded required only a permit to be obtained for certain structural alterations. It did not govern the manner in which the alterations were to be performed or set out any standards or requirements for drainage systems. The bare allegation that defendants violated the ordinance by not obtaining a

building permit to alter the drainage system of their flat does not establish proximate cause. If there was an artificial accumulation of ice resulting from a drainage alteration, that event was caused by the manner in which the drainage was constructed, not by the failure to obtain a building permit. *See Kinealy v. Southwestern Bell Tel. Co.*, 368 S.W.2d 400, 406 (Mo.1963) (failure to obtain permit to lay cable was not proximate cause of damage to land caused by digging of ditches to lay cable); *Southwestern Bell Tel. Co. v. Rawlings Mfg. Co.*, 359 S.W.2d 393, 399 (Mo.App.1962) (failure to obtain excavation permit was not proximate cause of wall cave-in at excavation site). *See also Sayers*, 493 S.W.2d at 410 (failure to post "bad dog" notice on owner's property was not proximate cause of dog bite on adjoining property).

The trial court did not abuse its discretion in striking paragraph 5(f). Point one is denied.

For her second point on appeal plaintiff contends the trial court erred by sustaining defendants' motion in limine prohibiting plaintiff from introducing evidence of the ordinance or defendants' alleged violation of the ordinance. A trial court's ruling on a motion in limine is interlocutory in nature and not appealable. *Annin v. Bi–State Development Agency*, 657 S.W.2d 382, 385 (Mo.App.1983). To preserve for appeal the issue of exclusion of evidence, an offer of proof must be made at trial demonstrating why the evidence is relevant and admissible. *Robbins v. Jewish Hosp. of St. Louis*, 663 S.W.2d 341, 348 (Mo.App.1983). In this case, plaintiff's attorney made no attempt at trial to offer evidence of the ordinance or defendants' violation of the ordinance. Without an offer of proof, made on the record at trial, we cannot convict the trial court of error in failing to admit evidence of the ordinance. *Purdy v. Foreman*, 547 S.W.2d 889, 891–92 (Mo.App.1977).

In any event the question is moot because of our holding that a violation of the ordinance could not be the proximate cause of the injury in this case. Point two is denied.

The judgment of the trial court is affirmed.

CARL R. GAERTNER, P.J., and CRAHAN, J., concur.