Lawrence A. BOHANNAN, et al.,
Plaintiffs–Respondents,

v.

DEMIEN CONSTRUCTION CO. and Woodland Creek Development, Inc., Defendants–Appellants.

No. 71232.

Missouri Court of Appeals, Eastern District, Division Four.

Dec. 23, 1997.

Niedner, Bodeux, Carmichael, Huff and Lenox, Charles W. Niedner, St. Charles, for appellant.

Frederick W. Drakesmith, St. Charles, Anthony D. Linson, St. Louis, for respondent.

Before ROBERT G. DOWD, Jr., P.J., and SIMON and HOFF, JJ.

### ORDER

PER CURIAM.

Woodland Creek Development, Inc. (Woodland) appeals from an amended judgment to the extent the trial court dismissed with prejudice Woodland's slander of title claim against Lawrence A. Bohannan and Kathleen M. Bohannan (collectively the Bohannans).[1]

Both the Bohannans and Woodland claimed ownership of a strip of land. The Bohannans filed this action to quiet title in their favor and to enjoin Woodland from further developing the land. Woodland counter-claimed to quiet title in its favor (Count I of the counterclaim) and to obtain damages from the Bohannans for their alleged slander of title (Count II of the counterclaim). At the close of all the evidence, the trial court, in relevant part, sustained the Bohannans' motion for directed verdict on Woodland's slander of title claim. This appeal followed.

Woodland urges the trial court erred by: (1) placing the burden of proof on Woodland to establish Woodland had the reasonable ability to mitigate its damages and failed to do so; and (2) prohibiting one witness from quoting an out-of-court statement of another witness who had testified he could not recall what he said in the out-of-court statement. This Court need not further address Woodland's first point, the damages issue, because the record presented to us does not demonstrate a sufficient basis for finding the malice

---

1. The Bohannans' claims against Demien Construction Company (Demien) were dismissed by trial court order dated March 24, 1994, and stipulation dated April 12, 1994. Demien is not a party to this appeal.
The amended judgment that is the subject of this appeal resolved all of the Bohannans' and Wood-land's claims against each other. Only the portion of the amended judgment resolving Woodland's slander of title claim is before this Court. The other aspects of the amended judgment are not at issue in this appeal.

element of a slander of title claim existed. *See Tongay v. Franklin County Mercantile Bank,* 735 S.W.2d 766, 770–71 (Mo.App. E.D. 1987) (noting "an action for slander of title cannot exist without a malicious intent"). Additionally, because Woodland did not make an offer of proof regarding the excluded testimony during trial, we will not further address the second point. *Eckert v. Thole,* 857 S.W.2d 543, 546 (Mo.App. E.D.1993) (to preserve the exclusion of evidence for appeal, an offer of proof demonstrating why the evidence is relevant and admissible must be made at trial).

No error of law appears in the amended judgment. An extended opinion would have no precedential or jurisprudential value. The amended judgment is affirmed in accordance with Rule 84.16(b).