JOSEPH W. MOON v. ST. LOUIS TRANSIT COMPANY, Appellant.

Division Two, December 31, 1912.

1. **NEGLIGENCE: Instructions: Loss of Time.** Plaintiff testified that he was, when injured, president of a buggy company at a salary of $3000 a year; that, as a result of his injuries, he was unfit for business for a year and a half but during that time would go to the company's office once or twice a week and a few directors' meetings were held at his home; that the time thus employed during the year and a half amounted to sixty days. He testified further that he received his salary for the entire time and it was charged to the salary account, but that he rendered no services for a year and four months, a term arrived at by deducting the sixty days from the period of a year and a half. It does not appear that he had any duties as president other than those he performed. *Held,* that there was no evidence to justify an instruction authorizing recovery for loss of time.

2. ———: ———: **Contributory Cause.** In an action for damages for personal injuries suffered in a collision between plaintiff's carriage and defendant's street car there was evidence of excessive speed, failure to sound the bell, violation of the vigilant watch ordinance and of an ordinance limiting the speed of

cars. The court instructed on each of these phases of the evidence. One of these instructions concluded, in substance, with a direction that if the act or omission "directly caused . . . or was one of the contributing causes of plaintiff's injuries . . . and plaintiff's driver was not negligent, the verdict should be for plaintiff." The three others were to the effect that if the act or omission predicated "was the proximate cause or one of the contributing causes," etc., then the verdict should be for plaintiff. *Held*, that these instructions were erroneous, since the evidence tended to show no cause of injury save the negligence of defendant and that of the plaintiff.

3. ———: ———: ———: **Obstructed View Near Accident.** The fact that a building stood near the corner where a collision occurred and obstructed the view of motorman and carriage driver was but one of the circumstances to be considered in determining what was ordinary care on the part of both driver and motorman, and was not such "outside cause" as would justify the use in an instruction of the formula "contributed to cause" or the like in submitting the question of defendant's negligence.

4. ———: ———: ———: **Other Acts by Defendant.** Other acts of negligence on the part of defendant in an action for personal injuries, separately submitted as distinct and complete grounds of recovery, are not such "outside causes" as would justify the use in instructions of the formula "contributed to cause" or the like in submitting the question of defendant's negligence.

5. ———: ———: ———: **Contributory Negligence.** In an action for personal injuries an instruction on contributory negligence will not cure the error of using the formula "contributed to cause" or the like in submitting the question of defendant's negligence, where the evidence tended to show no cause of injury save the negligence of defendant and that of the plaintiff.

6. ———: ———: ———: **Proximate Cause.** In an action for personal injuries, where the evidence tended to show no cause of injury save the negligence of defendant and that of plaintiff, instructions authorizing the jury to find for plaintiff if they found defendant's specified act or omission "was the proximate cause or one of the contributing causes of plaintiff's injuries" were erroneous because they seem to direct a finding against the defendant for some reason other than that his negligence was the proximate cause of plaintiff's injuries.

7. ———: ———: **Assuming Facts.** Facts should not be assumed in instructions.

Appeal from St. Louis City Circuit Court.—*Hon. William M. Kinsey*, Judge.

REVERSED AND REMANDED.

*Boyle & Priest, G. T. Priest* and *T. E. Francis* for appellant.

(1) Plaintiff's instructions 1, 2, 3 and 4 are erroneous for the reason they assume plaintiff sustained injuries and damages, when these matters were disputed issues of fact and should, therefore, have been hypothetically submitted to the jury. Davidson v. Transit Co., 211 Mo. 359; Plummer v. Milan, 70 Mo. App. 598; Evans v. Joplin, 76 Mo. App. 20; Fullerton v. Fordyce, 121 Mo. 13; Freeman v. Railroad, 95 Mo. App. 104; York v. Everton, 121 Mo. App. 640. (2) Plaintiff's instructions 3 and 4 are erroneous for the reason that each of them permitted a verdict for plaintiff even though the jury believed the negligent acts therein hypothesized only contributed to cause his injuries. Krehmeyer v. Transit Co., 220 Mo. 639; Hof v. Railroad, 213 Mo. 445; Smith v. Hardesty, 31 Mo. 411. (3) Plaintiff's instructions 1 and 2 are erroneous for the reason that each of them permitted a verdict for plaintiff even though the jury believed the negligent act therein hypothesized was merely one of the contributing causes of plaintiff's alleged injuries, without pointing out what other cause or causes must have contributed therewith. Krehmeyer v. Transit Co., 220 Mo. 639; Hof v. Railroad, 213 Mo. 445; Smith v. Hardesty, 31 Mo. 411. (4) The court erred in admitting evidence concerning plaintiff's claim for loss of time from his business, and erred in allowing the jury, by instruction 9, to award him damages for loss of time, for the reason he had been paid his full salary by the corporation of which he was president during the time he claims he was partially incapacita-

ted from work. Morris v. Railroad, 144 Mo. 500; Eph-
land v. Railroad, 57 Mo. App. 147; Lee v. Tel. Co.,
51 Mo. App. 375. The dictum in Williams v. Railroad,
123 Mo. 585, is not sound law and was overruled by
the Morris case, supra, and moreover it is not applica-
ble to the facts of this case for two reasons: (a) Be-
cause plaintiff in that case was a mere employee of a
corporation, while plaintiff in the case at bar was the
president of a corporation: the duties of the one were
of a purely clerical character, and he rendered no serv-
ices when he was not actually engaged; the duties of
the other were of an administrative character, and he
rendered services by merely retaining his office of
president. (b) Because plaintiff in the Williams case
actually performed no service during the period of
his incapacity, so that the payment of salary to him
was a mere gratuity, while plaintiff in the case at bar
rendered services for his corporation from time to
time, so that it cannot be said that the payment of
his salary was a mere gratuity.

*John A. Gilliam* for respondent.

BLAIR, C.—This is an appeal from a judgment
of the circuit court of the city of St. Louis in an ac-
tion for damages inflicted when a carriage in which
respondent and his wife were riding was struck by one
of appellant's cars. The facts are stated in the opin-
ion in Moon v. Transit Company, 237 Mo. 425. The
nature of appellant's assignments of error renders un-
necessary a detailed statement in this case. Addi-
tional facts necessary to an understanding of the rul-
ings complained of are stated in the course of the
opinion. The errors assigned relate to rulings on in-
structions and the admission of evidence. It is also
asserted the verdict is excessive.

I.    Respondent testified he was, when injured,
president of the J. W. Moon Buggy Company and his

salary was $250 per month or $3000 per year. The amount was fixed by the board of directors and had been the same for several years. Respondent was elected annually but the salaries of the officers were paid under a resolution or agreement of long previous date. Respondent said he "was unfit for business" for a year and a half as a result of his injuries but during that time would go to the company's office for a short time once or twice a week and a few directors' meetings were held at his home; that the time thus employed during the year and a half amounted to about sixty days. He testified he received during the entire time his full salary from the Joseph W. Moon Buggy Company and it was charged up in the salary account, but during one year and four months rendered no service. The year and four months mentioned was arrived at by deducting from the period of one and a half years the time actually employed in the company's service at intervals during that period. Respondent as the president of the buggy company drew his salary regularly and it was charged in the salary account. He performed certain duties at intervals throughout the year and a half he testifies he was disabled. It does not appear he had any duties as president other than those he performed. His acceptance of salary unless entitled to it by virtue of services rendered would, in view of the relation he bore the company, constitute a legal wrong which there can be no presumption he committed. The question whether he would be heard to say he, as president, took from the company's till, under the guise of salary, money to which he was not entitled, is not necessarily in this case. What he did say was that he performed certain duties at periods distributed over the year and a half he suffered from his injuries and drew the regular salary he had drawn for years before and seems to have been drawing since; that he drew the *salary* and the company charged him with it as sal-

ary. His agreement with the company as to services
to be rendered is not in evidence. Whether he was to
devote his whole time to the company's business does
not appear. If he did all that his arrangement with
the company required of him he earned his salary and
was entitled to it. The fact he took, for the perform-
ance of certain duties, an amount equal to his salary
is not evidence he owed the company other duties
which he did not perform nor is it evidence he was not
entitled as of right to all he received. Courts cannot
take judicial notice of the duties respondent was to
perform or of the hours, if any, he agreed to devote to
the buggy company's business.

It is quite true appellant can have no greater
right to a reduction of damages on account of a gratu-
ity or gift to respondent from the J. W. Moon Buggy
Company than from a stranger and no more right to
such reduction on account of a gift after injury than
one before injury. It may also be conceded that in
case one is employed for wages or in a subordinate
capacity on a salary and his right to the agreed com-
pensation depends upon his rendition of specific serv-
ices and his failure to render such services ends his
right to compensation, then in case of his injury and
consequent inability and failure to work he has no
legal claim to compensation and if money is paid him
it is, on its face, a mere gratuity and falls within the
rule. Before the rule as to gratuities can apply in a
particular case, however, the evidence must show the
payment was a gratuity. The burden is on respond-
ent to show loss of time and its value. If the buggy
company was not entitled to his whole time the value,
if any, of the excess might be recovered, but there is
no evidence in this record justifying a recovery on
such theory. The only evidence in connection with loss
of time relates to time lost from respondent's duties
as president of the buggy company and there having
been no evidence he owed any duty he did not perform

and the respondent's own testimony showing he received during the whole time the amount agreed to be paid him as salary and that he drew it and the company paid it and charged it to him as salary, the rule as to gratuities, on the record before us, has nothing to do with the case. There was no evidence justifying the instruction authorizing recovery for loss of time. The authorities cited in the briefs of counsel, while in conflict in other respects, in so far as they are pertinent accord with the conclusion reached. It was error, on this evidence, to permit the jury to consider loss of time as ground of recovery.

II.  There was evidence of excessive speed, failure to sound the bell or gong, violation of the vigilant watch ordinance and violation of an ordinance limiting the speed of cars. The court instructed on each of these phases of the evidence. One of these instructions concluded, in substance, with a direction that if the act or omission dealt with "directly caused . . . or was one of the contributing causes of plaintiff's injuries and damages and that plaintiff's driver was exercising ordinary care . . . and was not negligent, the verdict should be for plaintiff." The three others were to the effect that if the act or omission predicated "was the proximate cause or one of the contributing causes of plaintiff's damages and injuries, and that plaintiff's driver . . . was not negligent, then the verdict should be for plaintiff."

These instructions violate the rule announced in Hof v. Railroad, 213 Mo. 445, and Krehmeyer v. Transit Co., 220 Mo. 639. In those cases it was held error to use in an instruction the formula "contributed to cause" or the like in submitting the question of a defendant's negligence if the evidence, as in this case, tends to show no cause of injury save the negligence of defendant and the negligence of plaintiff. The decision recognizes the rule that a defendant is liable in

case his negligence concurs with "some outside cause" which alone would not have produced the injury, but the conclusion reached was that such "outside cause" must be one other than plaintiff's negligence. This much, at least, these cases decide. The rule thus announced is not assailed, as we understand counsel, but it is insisted this case does not fall within it. In support of this contention it is argued that there appeared in this case "outside causes" sufficient to satisfy the rule.

(a)   It is urged the fact a building stood near the corner of the intersection of Washington and Taylor avenues and obstructed the view of motorman and carriage driver, respectively, until they drew near the crossing, is conclusive of the existence of the requisite "outside cause." This cannot be true. The building there and the resultant obstruction of view was but one of the circumstances to be considered in determining the question as to what was ordinary care on the part of both driver and motorman. Its presence was not due to the negligence of any one. It affected in no wise the control of either motorman or driver over his vehicle. It merely took its place with all other circumstances and surroundings at the time and was to be considered with them in determining whether, for instance, the speed of the car, the failure to sound the bell or driving the carriage upon the track in the circumstances constituted negligence on the part of him who was responsible for such act or omission. In the cases cited the situation with respect to buildings on the street line was not unlike that here.

(b)   It is next suggested there were several grounds of negligence separately submitted and in considering the negligence submitted in any one instruction each other act of negligence of which there was evidence would constitute a cause of such character as to satisfy the rule and justify the instruction given. In the cases mentioned the same situation ex-

isted.   Several different grounds of recovery were submitted to the jury.   The rule was announced in connection with the very situation now relied upon to take this case out of its influence, and, even in the limited scope given it in the above statement of it, excludes the idea at the root of the argument now being considered.   Further, one instruction in this case submits the question of common law negligence in failing to sound a warning in approaching the crossing.   In determining whether appellant was negligent in this respect it was the duty of the jury to take into consideration every surrounding circumstance of every kind and as to that instruction, at least, there could have been no other act of negligence irrelevant to the question of liability and which could with any reason be called an "outside cause."   So far as this instruction is concerned, therefore, the insistence now being considered could not aid respondent.   The same considerations apply to the instruction concerning the speed of the car.   But we think the broad general ground should be taken that other acts of negligence on the part of appellant, separately submitted as distinct and complete grounds of recovery, cannot be considered as meeting the requirements of the rule announced in the cases cited, in which the same situation existed which is present here.   No precedent to the contrary has been discovered and no sound reason is suggested for so modifying the former decisions.

(c)   It is also urged the instructions given as to contributory negligence cure the defect in that they precluded the jury's being misled into finding for respondent on the ground his driver's negligence "contributed to cause" the injury.   It is unnecessary to say more in this connection than that in the instruction condemned in the Hof and Krehmeyer cases, as in those in this case, the jury were required to find plaintiff exerecised ordinary care, i. e., was not guilty of contributory negligence.   Repeating this rule, as to

contributory negligence, in a separate instruction and in different language did not change its effect so as to require a different conclusion as to the use of the formula "contributing to cause the injury" or "one of the contributing causes of plaintiff's damages and injuries."

(d)   There is another thing in the instructions which ought to be noted.   The jury was authorized by each to find for respondent if (having found the facts according to the preceding portion of the instruction), they found the specified act "was the proximate cause *or one of the contributing causes of plaintiff's injuries*," etc.   This is misleading in that it seems to direct the jury to find against appellant for some reason other than that his negligence was the proximate cause of respondent's injuries.

"The general rule is that damages, to be recoverable, must be the natural and also the proximate consequence of the wrongful act.   Keeping in view that proximate, as here used, means closeness of causal connection, and not nearness in time or distance, and that its office is to qualify the generality of the idea expressed by natural, this definition, as a general rule, is the best that can be adopted."   [Delaware, etc., Railroad Co. v. Salmon, 39 N. J. L. l. c. 308; Atkinson v. Transportation Co., 60 Wis. l. c. 156, *et seq.;* Stepp v. Railroad, 85 Mo. l. c. 233; Bishop on Non Contract Law, section 456; 1 Thompson's Com. on Neg., section 44; 1 Shearman & Redfield on Neg., sections 4, 5, 25.]

The rule that the contributing or concurring negligence of third persons is no defense if defendant's negligence was nevertheless an efficient or proximate cause of the injury (Benjamin v. Street Railway, 133 Mo. l. c. 291) is not applicable to this case, and the cases cited announcing that rule are not in point since there is no evidence of any cause of injury save appellant's or respondent's negligence.   The phrase was

consequently erroneous for this additional reason, in that it authorized the jury to find for respondent though they might find appellant's negligence was not the proximate or efficient cause of injury.

III. It is suggested some of the instructions are erroneous in that they assume respondent was injured. The general rule is that facts should not be assumed in instructing the jury. Whether on a retrial the fact of injury may be assumed without reversible error must depend upon the record then made and since there is no dispute as to the rule itself or the exceptions to it and the cause must be remanded on other grounds the assignment need not be further discussed. Likewise the assignment relating to the sufficiency of the evidence to support recovery for loss of plaintiff's wife's services is based upon objections easily obviated, if a right to recover exists, and therefore we refrain from a discussion of them, there being no real dispute as to the law applicable to this phase of the case. Also, in view of the result reached and a probable retrial, the question as to the excessiveness of the verdict need not be further considered.

The judgment is reversed and the cause remanded. *Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion of BLAIR, C., is adopted as the opinion of the court. All the judges concur.