## LLOYD L. LAUGHLIN, Respondent, v. EDWARD GORMAN, Appellant.

In The Kansas City Court of Appeals, April 3, 1922.

1. **LIBEL AND SLANDER:** Where it Was Charged Defendant Painted Plaintiff's Name With the Words ''The Slacker'' and ''The Draft Evader'' on Certain Buildings, the Evidence on Demurrer Held Sufficient for Submission to Jury. In an action for libel where it was alleged that defendant painted plaintiff's name with the words "the slacker" and "the draft evader" on certain buildings in plaintiff's neighborhood, evidence held to raise a strong inference defendant did the painting and the demurrer to the evidence was properly overruled.

2. ———: Instructions: Assuming Facts: Defamatory Words Question for Jury: Instructions Assuming Truth of Disputed Facts Held Erroneous. In an action for libel where defendant was charged with painting plaintiff's name with the words "the slacker" and "the draft evader" on certain buildings the question as to whether the words were defamatory was a disputed issue, and instructions which assumed that the words were actually published by defendant and that the same were defamatory, are erroneous as the court should not assume in the instructions the truth of disputed facts.

3. ———: ———: An Instruction Erroneous as Assuming a Disputed Fact Not Cured by Other Instructions Requiring Jury to Find Such Fact to be True. In an action for libel where defendant was charged with painting plaintiff's name with the words "the slacker" and "the draft evader," on certain buildings, and the evidence showed that defendant denied the charge, the assumption in an instruction on the measure of damages that the words were actually published by defendant, *held*, not cured by other instructions requiring jury to find such facts to be true.

4. ———: ———: Instruction Authorizing Jury to Find for Plaintiff if Defendant Painted Words Alleged in Petition Held Erroneous as There Was No Evidence Defendant Painted Some of the Words Alleged. Where the petition alleged defendant painted certain libelous words upon certain buildings, fences and bridge banisters and there was evidence sufficient to submit the question to the jury as to whether defendant painted the libelous words upon the buildings, but no evidence that defendant had anything to do with the painting on the fences and bridge banisters, an instruction

Laughlin v. Gorman.

directing the jury to find for plaintiff if defendant painted of and concerning plaintiff the words alleged in plaintiff's petition was erroneous in that it permitted the jury to find for plaintiff if they believed that defendant painted the fences and bridge banisters when there was no evidence thereof.

5. ————: ————: An Instruction Authorizing Jury to Find Defendant Liable For Publication of Words When There Was no Evidence Thereof is Erroneous. Where the petition complained of painting, with some of which there is no evidence that defendant had any connection, an instruction covering the question of malice and actual and punitive damages authorizing jury to find defendant painted "the words herein complained of" and that said words were libelous and false and to infer they were maliciously published, was erroneous, in that it did not confine the jury to the places where the words were shown to have been painted by defendant but permitted them to find defendant liable for words painted on fences and bridge banisters for which there was no evidence that defendant was responsible.

6. ————: ————: Instruction Permitting Jury to Award Damages Without Requiring a Finding That Words Spoken Were Defamatory is Erroneous. In an action for libel an instruction which charges the jury that they should allow plaintiff damages without having them find that the words spoken were defamatory is erroneous.

Appeal from the Circuit Court of Adair County.—*Hon. J. A. Cooley*, Judge.

REVERSED AND REMANDED.

*Higbee & Mills, John E. Powell* and *Kesterson & Kesterson* for respondent.

*N. A. Franklin, J. C. McKinley* and *Campbell & Ellison* for appellant.

BLAND, J.—This is an action for libel. The petition alleges that defendant "on or about July 27, 1918, at the county of Mercer and State of Missouri, did falsely, wantonly and libelously paint with yellow paint plaintiff's fences, on public signs at cross-roads there about his place and the places in the neighborhood in which the plaintiff lived; upon public buildings, private

Laughlin v. Gorman.

buildings and fences and upon bridge banisters with yellow paint did . . . paint the false and libelous words, to-wit: 'Lloyd Laughlin the Slacker,' 'Lloyd Laughlin the Draft Evader;' "meaning thereby to charge this plaintiff with the offense and crime of evading the selective draft law and that plaintiff was not a loyal and patriotic citizen and with wilfully shirking his patriotic duty of defending his country when at war. Plaintiff recovered a judgment for both actual and punitive damages and defendant appealed.

Defendant's first point is that his demurrer to the evidence should have been sustained on the ground that there is no evidence that he did the painting. The facts show that the parties lived near the towns of Powersville and Cleopatra and about five miles southeast of defendant's home. Plaintiff had been given a deferred classification by the district draft board. Defendant called at the office of the clerk of the local board and asked to see plaintiff's "papers" stating that "I am after slackers. I am working for Uncle Sam. I am looking up 'plaintiff's papers. I have heard a lot about what he is claiming." The request was refused. There is no claim that defendant was employed by the government. Defendant before the painting was done told different witnesses that plaintiff "would be painted;" that the paint was bought and that "he (defendant) would bet $50 to a dime that it would be done;" that he "would buy the tar and feathers if a bunch of us boys would do it;" that is, tar and feather plaintiff "for getting out of the army."

On the night of June 27, 1918, the words pleaded were painted in yellow paint on a store, garage, church and on Lewis' barn, all situated in Cleopatra. On the night in question and about 4:00 a. m., Lewis was coming south into Cleopatra and heard a Ford car, without lights, start up at his barn and saw shortly afterwards the words mentioned in the petition in fresh yellow paint upon the side of the barn. The paint was running. The

Ford went north and then east. Lewis could not tell who were the two occupants of the car. The witness Blanchard testified that he ·lived two miles north of Cleopatra on the east and west road; that about three or four o'clock the night in question he "saw a car coming down the road;" that it had no lights. Defendant and a little boy were seated in this car. Defendant lived three-quarters of a mile east of Blanchard. ·The witness, Porter, saw the car mentioned by Lewis turn around at Cleopatra. It had a rough treaded tire on the rear right wheel, the other tires having plain treads. This rough tread made a mark in the road as the car went along. The car was traced past Blanchard's place and into defendant's lane, leading to his barn lot. There was testimony that there were "two or three drops of yellow paint" on the running board of defendant's car after the night in question.

Defendant testified that he was in Powersville the night in question in company with a boy and buying a dog. He left Powersville shortly after midnight and drove directly home. He was driving a Ford car. He did not go by Cleopatra or Blanchard's place. He denied doing the painting or making inquiries of the draft clerk. Defendant's evidence tends to show that each of the rear wheels of defendant's car was equipped with rough treaded tires on the night in question. We think that the circumstances detailed above raises a strong inference that defendant did the painting on the night in question and that the demurrer to the evidence was properly overruled.

The court erred in giving each of plaintiff's instructions Nos. 4 and 5,which read as follows:

"4. The court instructs the jury that the falsity of the defamatory words published of plaintiff, if you find they were published as defined in the instruction, is presumed in the plaintiff's favor, and he need give no evidence to show them false.

"5. The court instructs the jury that if you find for the plaintiff, you will assess his damages at such sum

as you may believe from the evidence will compensate him for the damages to his reputation and good name, if you believe his reputation and good name has been damaged, and for the fortification and humiliation and mental suffering endured by him, if you believe that he did so suffer by reason of the libelous words so published by the defendant, not to exceed, however, the sum of twenty-five thousand dollars.''

Instruction No. 4 tells the jury that the words were defamatory. This was a disputed issue. Instruction No. 5, among other things, assumes the disputed issue that the words were actually published by defendant. The court should not assume in giving an instruction the truth of disputed facts. [Clark v. Railroad, 242 Mo. 570, 609; Moon v. Transit Co., 247 Mo. 227, 237; Comer v. Taylor, 82 Mo. 341, 347; Wyandotte, K. C. & Northwestern Ry. Co. v. Waldo, 70 Mo. 629, 632.]

The fact that other of plaintiff's instructions did not assume such facts but in connection with the facts therein submitted, including the facts assumed in plaintiff's instructions Nos. 4 and 5, told the jury that if they found such facts to be true, etc., does not cure the error. The rule that all instructions must be read together to find if the court fairly submitted all of the issues does not help plaintiff in this matter. Why such an error is not cured by the other instructions is fully explained in an opinion written by TRIMBLE, P. J., in the case of Martin v. Woodlea Inv. Co., 226 S. W. 650, 653.

Defendant complains of plaintiff's instruction No. 1. Among other things, it tells the jury the various places the petition mentions that the words were painted and then tells them that if ''defendant on or about July 27, 1918, painted, of and concerning the plaintiff, the words alleged in plaintiff's petition, etc., they should find for the plaintiff.'' There was no evidence that defendant had anything to do with the painting on the fences and bridge banisters alleged in the petition. The evidence shows that this painting was south of Cleopatra and not

where defendant was shown to have on the night of July 27th. The evidence would tend to show that this painting was done sometime previous to this date. Under the instruction the jury could find for plaintiff if they believed that defendant had nothing to do with the painted, of and concerning plaintiff, *the words herein* patra. The court, therefore, erred in giving this instruction.

The court also erred in giving plaintiff's instruction No. 6. This instruction covers the question of malice and actual and punitive damages. It tells the jury among other things, "You are further instructed that if you find and believe from the evidence that the defendant painted, of and concerning plaintiff, *the words herein complained of,* and that said words were libelous and false, you may infer that they were maliciously published." (Italics ours.) The phrase "the words herein complained of" are repeated in the instruction where it had the jury find that the painting was maliciously done. Whether the phrase "the words herein complained of" refers to the petition or to the evidence, their use made the instruction bad. The petition complains of painting, with some of which there is no evidence that defendant had any connection, also, the evidence mentions the same kind of painting, yet the instruction does not confine the jury to the places where the words were shown to have been painted by the defendant but permits them to find defendant liable for the words painted on the fences and bridge banisters for which there is no evidence that defendant was responsible. [See Byrne v. News. Corp. and Young, 195 Mo. App. 265, 274, 275.] The instruction is likewise erroneous in telling the jury that they should allow plaintiff damages without having them find that the words spoken were defamatory.

The judgment is reversed and the cause remanded. All concur.