John BOWMAN, Appellant,

v.

Warren HEFFRON, Respondent.

No. 46292.

Supreme Court of Missouri,

Division No. 1.

Nov. 10, 1958.

Motion for Rehearing or to Transfer to
Court en Banc Denied Dec. 8, 1958.

J. William Blackford, Roy W. Brown, Blackford, Imes, Compton & Brown, Kansas City, for appellant.

Darold W. Jenkins, A. Lamkin James, James & Jenkins, Marshall, for respondent.

DALTON, Judge.

Action for $50,000 damages for personal injuries and property damage, with a counter-claim by defendant for $10,000 damages for personal injuries. Each party alleged that the damages were sustained by reason of the negligent operation of an automobile by the other. Verdict and judgment were for defendant on plaintiff's claim and for plaintiff on defendant's counter-claim. Plaintiff has appealed.

It is admitted that on or about the 23rd day of December, 1955, there was a collision between the Ford automobile operated by defendant and a 1939 Chevrolet automobile driven by plaintiff; and that the collision occurred on Missouri State Highway No. 240 at or near the east city limits of Marshall, Missouri.

According to plaintiff's testimony, he was driving east on the south side of the highway at 25 to 35 miles per hour. As he approached the location of the north entrance to the city park, an automobile four or five car lengths ahead of him began a right turn into the park entrance and plaintiff slowed down to a speed of 10–15 miles per hour when he was some two car lengths behind this car. Plaintiff then accelerated to 25 miles per hour. As plaintiff proceeded to pass the park entrance, the defendant, who was then operating a Ford automobile in the opposite direction (west) on the same highway, suddenly and without warning when about four car lengths from plaintiff's automobile, turned the Ford automobile to its left and onto the south side of the highway where the collision occurred. The right front fender of plaintiff's automobile struck the right-hand side of the Ford, as the Ford was crossing the south side of

the highway at a 45 degree angle. The collision occurred when the Ford automobile was some 8 to 10 feet onto the south side of the highway. The right side of each car was damaged. Plaintiff fixed the time of the collision at 8:00 p. m. and place as 30 feet east of the mentioned city park entrance. He said that, while he had seen defendant's automobile approaching, the defendant gave no warning of an intention to turn to the left until he began the turn; and that, after the turn started, plaintiff had no time to take any action to swerve, turn or stop, prior to the collision. Plaintiff's automobile at no time left the south or eastbound lane of the highway. Immediately preceding the collision, the left wheels of plaintiff's automobile were about one foot to the south of the center line of the highway and on his own side of the highway. Plaintiff sustained severe injuries to his right foot and ankle and other injuries.

Defendant's evidence tended to show that defendant was driving a 1951 Ford sedan west on the mentioned highway and had slowed from about 35 miles per hour to about 20 miles per hour, since he intended to turn left at the park entrance intersection. He was taking his girl friend to a dance in the V. F. W. hall located on the south side of the city park. Defendant had been coming up a slight hill, where the road made a slight curve to the left, however the road was pretty straight where the collision occurred. Defendant saw plaintiff's car approaching. He testified: " * * * as I got about four or five car lengths of it, it started driving over in my side of the road, which was the north side; and, as I said, this car just started driving over in my lane, it wasn't like turning, it was sort of angling over, just knifing right in, and we reached a point where I had to make a split second decision as to which way I could perhaps get out without hurting myself or Carol, and it was this moment when I had to make a decision, and it looked to me the only way out was to cut to the left, I didn't

have room to the right it didn't look like, so I took this decision and cut the wheel hard to the left. Then we had this impact." Defendant further said: " * * * I just taken my wheel and cut it real hard to the left, to try to get out of the way, and when we hit I would estimate we hit both right sides * * * and I'd say that the point of impact was just about the middle of the highway." Defendant sustained severe physical injuries.

Defendant made a fairly sharp turn to his left. Before the impact occurred, plaintiff's car had moved over the center line until the right side of his automobile was about the center of the highway. "At least half of his (plaintiff's) car was in the westbound or north lane of traffic." The collision occurred around 50 feet east of the city park entrance, 50 feet east of where defendant was intending to turn left. The headlights of both cars were on. Defendant first noticed the plaintiff's car begin to turn to its left, when plaintiff's car was still on the west side of the park entrance intersection a car's length or two. The park entrance was 25 feet wide at the widest.

Other evidence tended to show the pavement was 18 feet in width and dry. An officer called to the scene of the collision found the parties in their respective cars. Plaintiff's car was headed south approximately crosswise of the south or eastbound lane of the highway, some 39 feet east of the east side of the park entrance. The back end was one foot north of the center line. Defendant's car was 13 feet further east and across the center line of the highway, with the back of the car 3 feet north of the center line of the highway. Most of the dirt, glass and debris was between the two cars and most of it was on the south half of the pavement.

Defendant's evidence further tended to show plaintiff smelled strongly of alcohol and that he was, in fact, intoxicated at the time of the collision. Several cans of beer and a half of a one-fifth of whiskey were

found in plaintiff's automobile after the collision. Plaintiff testified that he had consumed no intoxicants on the day of the collision and that he was taking the beer and whiskey to friends at Glasgow, Missouri.

Plaintiff's Instruction P–1 submitted a finding of defendant's negligence and directed a verdict for plaintiff, in part, as follows: "* * * if you further find that the defendant Heffron negligently operated his vehicle to the left or south side of the center line of said highway 240, and immediately in front of the plaintiff's automobile and negligently operated his vehicle to the left or south side of the said highway when approaching within one hundred feet of said intersection and, while intending to turn to the left at said intersection, negligently failed to yield the right of way to the Bowman car, if you find that the Bowman car was so close to said intersection as to constitute an immediate hazard, thereby proximately causing the collision in evidence, if so, and plaintiff was injured thereby * * *."

The negligence submitted by defendant against plaintiff appears from Instructions D–2 and D–3, both of which instructions on the facts therein submitted, directed a verdict for defendant on plaintiff's petition and for defendant upon defendant's counter-claim against plaintiff, in part, as follows: (Instruction D–2) "* * * if you find and believe from the evidence that at the time mentioned in the evidence the plaintiff John Bowman failed to have his automobile under reasonable control and failed to operate the same upon his right-hand side of the highway, if so, and as close to the right-hand side of the said highway as practicable, and if you further find that the plaintiff John Bowman drove his automobile onto his left-hand side of the highway at a time when the left-hand side of the highway was not free of on-coming traffic, and if you further find that the plaintiff John Bowman was guilty of negligence in the foregoing respects, if so,

and if you further find that such negligence caused the collision mentioned in the evidence and that as a direct and proximate result of the negligence of the plaintiff, if any, the defendant Warren Heffron was injured and that the defendant Heffron was in the exercise of the highest degree of care, then you are instructed that your verdict shall be for the defendant, both on plaintiff's petition and upon defendant's counter-claim."

Instruction D–3 was as follows: "The Court instructs the jury that it is a violation of the laws of Missouri to operate a motor vehicle in an intoxicated condition, and if you should find and believe from all the evidence in this case that the plaintiff Bowman drove and operated his car while he was in an intoxicated condition at the time of the collision in question, and thereby the plaintiff Bowman was guilty of negligence, and if you further find that his negligence in this respect, if any, directly caused the collision and that the defendant Heffron was not negligent, then your verdict will be against the plaintiff on his petition, and if you further find that the defendant Warren Heffron was injured in the collision, your verdict should be in favor of the defendant Warren Heffron on his counter-claim."

Appellant contends that the court erred in giving Instruction D–3 for the reason that it did not correctly state the law of Missouri as applied to the facts of this case, in that it directs a verdict for defendant on the petition and on the counter-claim without requiring a finding that at the time and place in question defendant was exercising the highest degree of care in the operation of his automobile; that even intoxicated persons are entitled to the exercise of the highest degree of care by others using the highway; that no standard of care is set out for defendant but a verdict is directed against plaintiff on the petition and the counter-claim; that the instruction did not directly relate the negligence of plaintiff to the proximate cause of the col-

lision; that, if driving while intoxicated was to be submitted, as a basis for recovery or as a defense, the jury should have been given some guide for the determination of the issues presented; that the instruction wholly failed to hypothesize the manner of defendant's negligent operation of his automobile; and that the jury should have been submitted a finding with reference to "said drunkenness interfering with the proper operation of the automobile." For the reasons stated, appellant insists that the instruction was misleading, confusing and prejudicial.

Respondent insists that Instruction D–3 was a proper submission of the issue of negligence and proximate cause on the issue of driving while intoxicated. Respondent says: "Instruction D–3 advised the jury that it was a violation to so operate a motor vehicle while in such condition. It further advised them that if they found that the plaintiff did so violate the law by operating his motor vehicle while he was in such intoxicated condition and was thereby guilty of negligence and that his negligence, if any, directly caused the collision then he was not entitled to recover."

In answer to the criticism that the instruction is too general and furnished an insufficient guide for the jury, respondent relies on the case of Knight ·v. Richey, 363 Mo. 293, 250 S.W.2d 972, 977(9), where an instruction submitting negligent speed and proximate cause in general terms was approved. In that case the court said: "In the instant case there were little real differences in the factual theories of plaintiff and defendant relating to the physical surroundings and the circumstances of the respective vehicles of plaintiff and defendant to the intersection and place of collision as such physical surroundings and circumstances were determinative of the issue of defendant's negligent speed. There having been no real conflict of the factual theories relating to the physical setting and the circumstances of the collision relevant to the issue of speed, there was no real necessity of more particularized hypothesis

of the facts than the hypothesis of Instruction No. 1."

In the present case there were directly conflicting factual theories concerning the cause of the collision and resulting injuries. Each party charged the other with improperly crossing over the center line of the highway and causing the collision.

Before determining the issue presented a few further facts must be stated and certain well established principles of law reviewed. Defendant's counter-claim was amended, on the day the trial began, by adding as an additional assignment of negligence the following, "that the plaintiff, John Bowman, drove and operated his motor vehicle on the occasion in question while in an intoxicated condition contrary to and in violation of Sec. 564.440 RSMo 1949 [V.A.M.S.]."

Section 564.440 RSMo 1949, V.A.M.S., provides that, "No person shall operate a motor vehicle while in an intoxicated condition * * *." Violation of the mentioned statute constitutes negligence per se. Wells v. Henry W. Kuhs Realty Co., Mo. Sup., 269 S.W.2d 761, 767, 47 A.L.R.2d 1038. Such negligence is relied upon in this case as contributory negligence to defeat plaintiff's recovery on the cause of action stated in his petition against defendant and also as the basis for recovery by defendant on his counter-claim against plaintiff (see Instruction D–3). In this civil action for personal injuries, if the defendant was one of the class for whose benefit the statute was enacted and if it were enacted to protect persons or property, conserve public health, or promote public safety, the defendant, as the injured party, could plead such violation of the statute as the basis for his action at common law for negligence in his counter-claim. State ex rel. Wells v. Mayfield, 365 Mo. 238, 281 S.W.2d 9, 13; Wells v. Henry W. Kuhs Realty Co., supra. Clearly, Section 564.440, supra, was enacted in the interest of public safety and for the protection of persons and property upon the highway and defend-

ant was entitled to the benefit of the statute and he could properly base his counter-claim against the plaintiff on common law negligence arising from violation of the mentioned statute. And in such case, where an instruction requires the finding of facts which constitute the violation of a statute and the mere doing of the acts required to be found by the jury is negligence per se, no finding by the jury that the acts were negligently done, is required. Swain v. Anders, 349 Mo. 963, 163 S.W.2d 1045, 1052 (14).

In this case, as far as the counter-claim is concerned, there could be no actionable negligence in the absence of an injury which had been suffered by defendant and which was directly attributable to and flowing from plaintiff's neglect or violation of a duty which plaintiff owed defendant. See Hiltner v. Kansas City, Mo.Sup., 293 S.W. 2d 422, 427(7). Nor could plaintiff be defeated in his action against defendant, unless his own negligence was a directly contributing cause of his own injuries.

Instruction D–3 purports to submit, as a basis for recovery on defendant's counter-claim against plaintiff, the plaintiff's negligence by reason of his violation of the mentioned statute. Such negligence is submitted as the direct and proximate cause of defendant's injuries and also to defeat plaintiff's recovery against defendant. The question presented is as to the sufficiency of the submission of the issue of proximate cause. In 65 C.J.S. Negligence § 107, p. 658, it is said that, " * * * contiguity of space or nearness of time do not, by themselves, afford a proper test for determining whether the negligence charged was the proximate cause of the injury. Closeness of causal relation, rather than nearness of time or distance, is the controlling consideration, the proximate cause being that which stands next to the effect in causal relation, or is the procuring, efficient, and predominant cause, or the nearest independent cause which is adequate to and does produce the result. * * * "

In Moon v. St. Louis Transit Co., 247 Mo. 227, 152 S.W. 303, 306, the court said: "The general rule is that damages, to be recoverable, must be the natural and also the proximate consequence of the wrongful act. Keeping in view that proximate, as here used, means closeness of causal connection, and not nearness in time and distance, and that its office is to qualify the generality of the idea expressed by natural, this definition, as a general rule, is the best that can be adopted." And see Graham v. St. Louis-Red Bud-Chester Bus & Serv. Co., Mo.App., 147 S.W.2d 205, 209 (3). A further rule is that the question of the existence of causal connection is one which depends upon facts of the individual case. Duke v. Mo. Pac. R. Co., Mo.Sup., 303 S.W.2d 613; Giles v. Moundridge Milling Co., 351 Mo. 568, 173 S.W.2d 745, 750 (6–8).

In Instruction D–3 the issue of proximate cause is submitted generally, as stated, and there is no reference whatsoever to the conflicts in the evidence as to the existing factual situation. No finding of facts is submitted as a basis for finding against plaintiff on his cause of action or for the defendant on his counter-claim except the general submission of the issue of proximate cause and the fact that plaintiff was operating his automobile on the highway in an intoxicated condition. If plaintiff was intoxicated, that condition existed before, during and after the collision and regardless of whether it contributed in any manner to the collision. No facts are submitted in the instruction as to how or why such condition of plaintiff produced the collision and injuries to defendant, nor as to why or how plaintiff's intoxicated condition in operating the car contributed to his own injuries. However, the plaintiff's violation of the criminal statute did not deprive him of his right to protection against defendant's negligence, unless plaintiff's own negligence was a contributing factor. It is well settled that "a plaintiff in an action for damages caused by tort can recover notwithstanding he was violating the

law at the time he received the injury where the act in violation of the law was not the proximate cause of the injury." Stack v. General Baking Co., 283 Mo. 396, 223 S.W. 89, 95; Dixon v. Boeving, Mo. App., 208 S.W. 279, 281.

In this case, as far as any criminal charge against plaintiff was concerned, it would be immaterial as to whether plaintiff violated any rules of the road, but, in order for the violation of the statute and the negligence per se resulting therefrom to be a direct and proximate cause of plaintiff's own injuries or to be a cause of defendant's injuries, then, insofar as this case is concerned, the facts necessary to support a finding of causal connection, such as a finding of facts constituting the violation of the rules of the road should have been hypothesized and submitted to the jury. Since the Instruction (D–3) submitted a conclusion of proximate cause in general terms without any hypothesis of facts to sustain it, the instruction was erroneous and reversibly prejudicial to plaintiff-appellant.

■■■ Error is also assigned on the giving of Instruction D–2 set out above. It is contended that the instruction did not correctly state the law of this state as applied to the facts of this case in that the instruction submits plaintiff's negligence in failing to operate his automobile "as close to the right-hand side of the highway as practicable," whereas that rule no longer prevails and the law of this state does not require an operator to so operate his automobile. Appellant refers to the provisions of Section 304.014 and Section 304.015 RSMo (Laws 1953, p. 587), V.A.M.S., which respectively provide: "Every person operating or driving a vehicle upon the highways of this state shall observe and comply with the following rules of the road. * * * Upon all public roads or highways of sufficient width a vehicle shall be driven upon the right half of the roadway, except as follows: (1) When overtaking and passing another vehicle pro-

ceeding in the same direction under the rules governing such movement; (2) When placing a vehicle in position for and when such vehicle is lawfully making a left turn in compliance with the provisions of Sections 304.014 to 304.026 or traffic regulations thereunder or of municipalities; (3) When the right half of the roadway is closed to traffic while under construction or repair; (4) Upon a roadway designated by markings or signs for one-way traffic."

Appellant insists that this instruction, which directed a verdict against him on the facts therein submitted, was particularly prejudicial, in view of the fact that plaintiff's own testimony disclosed that he was not operating his automobile as close to the right-hand side of said highway as practicable. Plaintiff testified that, immediately before the collision, the left wheels of his automobile were within one foot of the center line of the 18 foot highway. The automobile was not as close as practicable to the right-hand side, although the entire automobile was on "the right half of the roadway." The instruction submits the issue in the conjunctive with failure to operate the automobile on the right half of the highway, but with an erroneous statement of law. Where an instruction contains an erroneous and misleading statement of law, it will not ordinarily be held nonprejudicial by reason of a conjunctive submission with a valid ground of negligence. Glowacki v. Holste, Mo.Sup., 295 S.W.2d 135, 140; Fitzpatrick v. St. Louis S. F. R. Co., Mo.Sup., 300 S.W.2d 490, 498; Wilson v. Kansas City Public Serv. Co., Mo.Sup., 291 S.W.2d 110, 117(12–17).

Respondent insists that the instruction is not prejudicially erroneous in the respects mentioned because it did require, as a condition to a finding "for the defendant, both on plaintiff's petition and upon defendant's counter-claim," that the plaintiff "drove his automobile onto his left-hand side of the highway at a time when the left-hand side of the highway was not free of oncoming traffic." Respondent says the instruction submitted a finding of a posi-

tive act of the plaintiff that constituted common law negligence and that no prejudice could have resulted from the erroneous submission as to plaintiff's failure to drive his automobile as close to the right-hand side of the highway as practicable. Respondent relies upon Comstock v. Ingles, Mo.Sup., 296 S.W.2d 68, 70, where a technical misdirection was held not to be prejudicial under the particular facts and submission in that case and not to constitute reversible error. We think that case is distinguishable upon its facts. In the Comstock case plaintiff was relying on the defendant's failure to drive as close to the right-hand side of the highway as practicable as a basis for recovery against defendant. Here the defendant relies on the "close as practicable" rule to defeat plaintiff's recovery and also as a ground for recovery against the plaintiff, but the statute was amended after the date of the facts in the Comstock case and no such rule was in effect when the facts in the present case occurred. Section 304.020(2) RSMo 1949, V.A.M.S., containing the "close to the right-hand side of the highway as practicable" rule was repealed and a new section enacted. Laws 1953, p. 587. Instruction D–2 therefore imposed an undue burden on plaintiff to exculpate himself from the charge of contributory negligence which he could not do, even if the jury found the facts in accordance with his own testimony. We think the instruction contains positive misdirection and was prejudicially erroneous despite the conjunctive submission.

Appellant further contends the instruction is erroneous and misleading in that it submits the exercise, of the highest degree of care by defendant in general terms and does not require such care to be exercised in connection with the operation of his automobile at the time and place in question. We need not rule this and other complaints against the instruction, since it will have to be re-drafted in the event of another trial.

Appellant further contends that Instruction D–1 given at defendant's request was erroneous. This instruction was intended to submit the defense of emergency and, upon a finding of the facts therein submitted, the jury was instructed that "you will not find the defendant guilty of negligence merely because he turned his automobile to his left to avert a collision and that he was in the left-hand lane at the time of the impact."

Appellant insists that the instruction fails to "correctly state the law under the facts of this case"; that the statement in the instruction that "the law generally requires" a motor vehicle to be operated upon the right-hand side of a highway in view of the present specific statutory provisions (Laws 1953, p. 587) is erroneous, misleading and confusing; and that the instruction erroneously fails to submit any hypothesis or finding of facts to sustain a finding that no negligence of the defendant caused or contributed to cause the emergency, before submitting an erroneous emergency clause to the effect that, if the jury thought that defendant "reasonably" thought there was danger of a collision and went onto the left of the highway, he was not guilty of negligence.

Appellant relies upon the case of Rohde v. St. Louis Public Serv. Co., Mo. Sup., 249 S.W.2d 417, 420, and Teague v. Plaza Express Co., 354 Mo. 582, 591, 190 S.W.2d 254, 258. Appellant refers to the "tail of the instruction" as a re-statement of the earlier part, but without hypothesizing any facts for the jury to find as a prerequisite to the conclusion submitted. Respondent on the other hand relies upon the case of Lewis v. Zagata, 350 Mo. 446, 166 S.W.2d 541, 545, where an instruction somewhat similar to Instruction D–1 was approved, but not as against the same specific complaints. We think the instruction subject to some criticism in not submitting a finding that defendant was exercising the highest degree of care in the operation of his automobile before the emergency arose

and that he did not contribute to it. In the event of another trial, it should be re-drafted to avoid criticism and clearly comply with the requirements stated in the Rohde and Teague cases. And see the instructions considered in *Filkins v. Snavely*, 359 Mo. 356, 221 S.W.2d 736, 737; and in *Jones v. Hughey*, Mo.Sup., 283 S.W.2d 550.

Appellant further assigns error on the action of the court (1) in permitting defendant, on the day of trial, to amend his counter-claim and specifically assign negligence on the basis of plaintiff's alleged operation of his automobile while in an intoxicated condition; (2) in refusing to grant plaintiff a continuance after the counterclaim was amended; and (3) in permitting a witness to testify who had remained in the courtroom during the trial and after the rule excluding witnesses had been invoked. It is unnecessary to rule these assignments since they are not likely to occur upon a re-trial of the cause.

The judgment is reversed and the cause remanded.

All concur.