**Karen Black HUTSON, by her next friend, Vivian Black, Plaintiff-Respondent,**

**v.**

**Alvin John HIGHLEY, Defendant-Appellant.**

**No. 31644.**

St. Louis Court of Appeals.

Missouri.

Nov. 17, 1964.

Dearing, Richeson & Weier & Roberts, H. L. C. Weier, Hillsboro, for defendant-appellant.

Robert A. McIlrath, Flat River, for plaintiff-respondent.

ANDERSON, Judge.

In this action Karen Black Hutson, by next friend has sued Alvin John Highley for damages for personal injuries, alleged to have been sustained on March 7, 1962, as a result of a collision between an automobile driven by Mrs. Hutson, and an automobile operated by defendant. The trial resulted in a verdict and judgment for plaintiff in the sum of $1500.00. Defendant has appealed.

The collision occurred in St. Francois County at the intersection of Highway 8 and St. Francois County Highway P. Highway 8 runs east and west. Highway P runs in a northeastward direction from Highway 8. Both are blacktopped and are about 20 feet in width. The intersection is at the crest of a hill over which Highway 8 runs. Plaintiff, just prior to the collision had been driving westwardly on Highway 8, and defendant was operating his car eastwardly on said highway intending to turn left onto Highway P. Plaintiff, as she approached the intersection was traveling at a speed of 50 to 55 miles per hour. The accident occurred about 9:30 P.M.

Highway 8 slopes downward from the intersection in both directions. According to plaintiff's testimony the downward slope to the east is 140 feet. The highway there runs up and over another hill, then downward for approximately 125 or 130 feet. A car cannot be seen from the intersection when it is beyond the second hill. The western slope from the intersection is more abrupt than it is to the east. Prior to the trial, plaintiff returned to the scene of the accident and made various measurements. She testified that when she stood on Highway 8, 122 feet east of the scene of the collision she could not see the top of a car coming west up the hill until it reached a point 85 feet west of the crest of the hill. Herman Barr, an officer of the Highway Patrol testified that a person traveling west could not see eastbound traffic until his car about reached the top of the hill. He also testified that if one traveling east would

pass beyond the center line of Highway P, if extended across Highway 8, before making a left turn he could see cars approaching from the east for a distance of two or three hundred feet, and that if such a turn was made a car approaching the intersection from the east could see it. He further testified that the crest of the hill was more or less level.

Plaintiff testified that when she first saw defendant's car it was in her traffic lane about 30 feet away, making the turn into Highway P. She stated that defendant was at the time west of the center line of Highway P, if that line was extended across Highway 8. Plaintiff further testified that when she saw the defendant's car she swerved her car to the left to avoid hitting it, but ran into its right rear fender. From there, her car ran some 140 to 150 feet and turned over in a ditch on the south side of the highway. Plaintiff's automobile was damaged principally on the right side. Defendant's car received damage to the right rear fender.

Defendant testified that he was traveling about 30 miles per hour when about 200 feet from the intersection, but reduced his speed thereafter to about 10 miles per hour. He stated that when he reached the intersection he looked up Highway P and Highway 8 and both were clear of traffic. He then turned into the right hand lane of Highway P, and when there was not more than a foot of his car in Highway 8, his car was hit. He stated that he turned to the right of the center of the intersection. He first saw the lights of plaintiff's car when it was about 10 feet from him.

Appellant contends that the court erred in refusing to sustain his motion for a directed verdict at the close of all the evidence, for the reason that it appears from plaintiff's testimony that she was guilty of contributing negligence as a matter of law. In support of this contention it is urged that it appears from plaintiff's evidence that she failed to maintain a proper lookout, and by reason thereof, she failed to see defendant's automobile as it approached the intersection when it was plainly visible 85 feet west of the intersection, and when plaintiff was 122 feet east of the intersection, at which time, plaintiff could have taken precautionary measures to avoid the collision.

In determining the issue presented we must view the evidence in the light most favorable to plaintiff. Contributory negligence, as a matter of law must appear in plaintiff's case, or be established by evidence on the part of defendant, which is binding on plaintiff or which plaintiff has conceded to be true. It is also a fundamental principle that before the negligence of a plaintiff can defeat a recovery, it must result from a breach of duty which the law imposes upon plaintiff, and enter into and become a contributing cause to the injury.

It is true that plaintiff was under a continuous lookout duty as she approached the intersection, and must be held to have seen what was plainly visible. But her failure to perform such duty could only be classified as contributory negligence if her failure in this respect occurred at a time when there was apparent danger of collision and at a time when she could take effective measures to avoid such collision. It is only in such instances that her negligence can be said to be a contributing proximate cause of the injury. The fact that she was negligent at some prior time does not affect her action.

In the case at bar, the danger of collision between the two vehicles arose when defendant entered the traffic lane over which plaintiff was proceeding or gave evidence of an intention to do so. Plaintiff's testimony was that she first saw defendant in her lane of traffic when she was thirty feet from it. At that time defendant was turning into Highway P. That was the only testimony given by plaintiff which throws any light upon the time when the apparent danger arose. Defendant tes-

tified that he turned to the right of the center of the intersection. Plaintiff was traveling 50 to 55 miles per hour or 74 to 81 feet per second. Plaintiff's speed cannot be said to be a negligent speed as a matter of law. Whether she should have reduced her speed as she approached the intersection in order to avoid left turning vehicles depends upon the circumstances shown by the evidence. If she knew of the intersection, it could be reasonably said that plaintiff had a right to assume that cars approaching from the west would yield to her the right of way under the circumstances shown by the evidence viewed in the light most favorable to plaintiff. We hold that plaintiff was not guilty of contributory negligence as a matter of law.

Plaintiff submitted the case to the jury by instruction number 1, on two grounds of negligence, which are as follows: "* * * and if you further find that in attempting to make the left turn, the Defendant failed to keep to the right of the center of where Highway P intersects Highway 8, if so, and if you further find that the Defendant made a left turn directly in front of the Plaintiff's motor vehicle and that their motor vehicles came into collision, if so, and if you further find that the Plaintiff was injured, and if you further find from the evidence that the Defendant's acts as set out above in making a left turn onto Highway P before passing the right of the center of its intersection with Highway 8 and in making a left turn directly in front of Plaintiff's motor vehicle, if you find he did so was a failure on Defendant's part to exercise the highest degree of care in the operation of his motor vehicle and was negligence, * * *."

It is complained that it was error to submit the hypotheses of turning left before passing the center of the intersection.

This is a valid complaint. Section 304.020(6) RSMo 1949, V.A.M.S. which required an operator of a motor vehicle to travel beyond the center of the intersection and pass to the right thereof before turning left was repealed. (Laws 1953, p. 587) and a new section, now section 304.018 RSMo 1959, V.A.M.S. was enacted to govern left turns at intersections. This new section does not require one making a left turn at an intersection to pass to the right of the center of the intersection, but that "the left turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered, * * *."

The instruction was prejudicially erroneous in that it submitted a false ground of negligence based upon a repealed statute. This placed an undue burden on defendant. Berry v. Harmon, Mo., 329 S.W.2d 784; Bowman v. Heffron, Mo., 318 S.W.2d 269.

Instruction number 1 was erroneous for another reason. It authorized a recovery against the defendant if the defendant made a left turn directly in front of the plaintiff's motor vehicle. No such assignment of negligence was pleaded. But aside from that there was no duty on the defendant to refrain from making a left turn in front of plaintiff's car, unless there was apparent danger of collision, which basic fact the jury was not required to find. Stakelback v. Neff, Mo.App., 13 S.W.2d 575.

While it is clear that plaintiff failed to make a case upon the only pleaded negligence submitted, we prefer to remand the case rather than reverse the judgment, for the reason that it appears a case may be made under other pleaded assignments.

Various other alleged errors have been assigned, but they are not likely to recur in the event of a new trial. For that reason they may be disregarded.

The judgment is reversed and the cause is remanded.

RUDDY, P. J., and WOLFE, J., concur.