**Ralph AARON, Respondent,**

v.

**Bert JOHNSTON, Appellant.**

**No. WD 42526.**

Missouri Court of Appeals,
Western District.

Sept. 18, 1990.

David R. Buchanan, Paul W. Dwight, Kansas City, for appellant.

George A. Wheeler, Kansas City, for respondent.

Before KENNEDY, P.J., and SHANGLER and GAITAN, JJ.

KENNEDY, Presiding Judge.

Plaintiff got judgment for $14,788.32 in a court-tried case for personal injuries sustained in a May 11, 1986, automobile collision. The trial judge itemized the damages in the judgment, which included $10,620 for "loss of wages" during a 90–day period of disability from his employment as a construction worker. The defendant argues on appeal that this item should be deducted from the judgment, because the plaintiff,

after the collision in question and after the period of disability, had received a back pay award covering the period during which he was unable to work because of the automobile collision injuries. The award of lost wages, defendant says, would result in double recovery thereof.

The back pay award was ordered by the Equal Employment Opportunity Commission because of the rejection, held to be discriminatory and unlawful, of plaintiff's 1981 application for employment by the United States Postal Service. The award was of a gross amount of $155,083.12 which netted $107,342.67 after various employee's deductions. The award was entered April 6, 1987, and provided: "It is further directed that appellant (plaintiff in our case) receive all back pay and benefits which would have accrued, in the absence of discrimination. Back pay shall be computed in the same manner as prescribed by 5 C.F.R. sec. 550.804."

The aim of 5 C.F.R. § 550.804–805 is to compute back pay as if the claimant had actually been employed by the agency. Back pay awards are considered in law to be compensation for employment, in the nature of wages earned during the period of the employee's forced idleness. *Social Security Board v. Nierotko*, 327 U.S. 358, 66 S.Ct. 637, 90 L.Ed. 718 (1946). We treat plaintiff as having been employed by the Postal Service at the time of the automobile collision and during the period of his disability thereafter.

A number of cases have dealt with defendant tortfeasor's right to have plaintiff's damage award reduced by amounts which plaintiff's employer pays to plaintiff under some form of wage continuation during the period of plaintiff's disability from the injury caused by defendant. The issue thus presented poses a conflict between two competing interests, one interest being that an injured plaintiff shall not receive double recovery for a single loss, and the other being that payments made to plaintiff by a third person, independent of defendant, should not relieve the wrongdoer of responsibility for the full damage caused by his tortious conduct. The issue is most often

resolved in plaintiff's favor by application of the "collateral source" rule.

■ We cannot reverse the trial court's award of the lost wages item upon the record before us. The record of the employment discrimination case does not show what was included in the back pay and what was excluded, or how it was computed. Plaintiff's own testimony with respect to the back pay award does not add much. It was as follows:

Q. And so, you received back pay and benefits from 1981—or for the period from 1981, until the period you began to work for the postal service in May of 1987; is that correct?

A. No. That's back pay less whatever monies I made, you know, yearly.

Q. But you did receive compensation, then, for the period from May 11th, 1986, to May 5th, 1987; is that correct?

A. Partially.

Whether defendant was entitled to mitigation of plaintiff's damages because of the back pay award depends, first, upon whether plaintiff received compensation from the Postal Service, his hypothetical employer, for the period of his disability, and second, if he did so receive compensation for the period of his disability, then upon the character of the payment made to plaintiff for that period. If the payment by the employer was for services currently rendered, defendant would be entitled to this reduction in the amount of damages, or so it could be argued. *Moon v. St. Louis Transit Co.*, 247 Mo. 227, 152 S.W. 303, 304–305 (1912).[1] The evidence does not show, however, if the period of disability was included in the back pay award. 5 C.F.R. § 550.805(c)(1)[2] provides that periods of the employee's disability are not to be included in the computation of back pay, and there is no evidence that this provision was disregarded in the computation and the period of plaintiff's disability included in the back pay award.

■ But if we assume that plaintiff's back pay award included the period of his disability, that is not the end of the inquiry. Continued payment of compensation by an employer to an employee during a time of the employee's disability may be gratuitous. If such continued pay is gratuitous, a third-person tortfeasor is not entitled to reduction of damages for the amount of such gratuity. *Moon*, 152 S.W. at 304–305; *Williams v. St. Louis & S.F. Ry.*, 123 Mo. 573, 27 S.W. 387, 391 (1894).

If part of plaintiff's back pay award included the period of his disability, and if such pay was not a gratuity, was plaintiff entitled thereto as annual leave or sick leave? If plaintiff was entitled to continued pay as sick leave or annual leave during the period of his disability, defendant was not entitled to mitigation of damages by the amount so received. *Siemes v. Englehart*, 346 S.W.2d 560, 564 (Mo.App. 1961). 5 C.F.R. § 550.805(c) and (d) provides for crediting periods of employee's disability to available sick leave or annual leave if requested by the employee. (We take judicial notice of the nearly universal practice of large employers to provide sick leave and annual leave for employees. *See Rogstad v. Rogstad*, 74 Wash.2d 736, 446 P.2d 340, 343 (1968); *Mitchell v. Greinetz*, 235 F.2d 621, 625 (10th Cir.1956); 31 C.J.S. *Evidence* § 28 (1964)).

In summary: The back pay award might or might not have included the period of plaintiff's disability. If it did not, of

---

**1.** The rule of *Moon* places Missouri at variance with most jurisdictions, which follow the rule "that the person whose negligence caused the injury to plaintiff is not entitled to mitigate or reduce damages in whole or in part by the amount of salary or wages received by plaintiff from his employer during the period of disability, whether the payments were pure gratuities or paid pursuant to a contractual obligation ..." Anno., Collateral Source Rule: Right of Tortfeasor to Mitigate Opponent's Damages for Loss of Earning Capacity by Showing That His Compensation, Notwithstanding Disability, Has Been Paid by His Employer. 7 A.L.R.3d 516, 519 (1966).

**2.** Rules and regulations of a federal agency promulgated pursuant to congressional authority have the force and effect of law and courts of this state will judicially notice them. *Insurance Co. v. West Plains Air, Inc.*, 637 S.W.2d 444, 446 (Mo.App.1982).

course, then plaintiff received no compensation for his period of disability and defendant has nothing to claim by way of mitigation of damages. If, on the other hand, the back pay award did in fact include pay for the period of disability, defendant is entitled to mitigation of damages only if the back pay was for services currently rendered. *Moon*, 152 S.W. at 304–305. However, defendant is not entitled to such mitigation if the compensation was gratuitous. *Id.; Williams*, 27 S.W. at 391. Nor is defendant so entitled if the back pay was for sick leave or annual leave. *Siemes*, 346 S.W.2d at 564. How the back pay was computed is unknown to us; we cannot supply the lack of proof by speculation. If the defendant wanted mitigation of damages by the amount of back pay received by plaintiff during the period of disability, the burden of proof was upon him to show he was entitled thereto. *Smith v. City of Miner*, 761 S.W.2d 259, 260–61 (Mo.App. 1988); *Shaughnessy v. Mark Twain State Bank*, 715 S.W.2d 944, 955 (Mo.App.1986); *Braun v. Lorenz*, 585 S.W.2d 102, 108 (Mo. App.1979); *Curlee v. Donaldson*, 233 S.W.2d 746, 757 (Mo.App.1950).

Judgment affirmed.

All concur.